**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JASON BENNETT**, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>**BOYD GAMING CORPORATION**,<br><br>　　Defendant. | Civil Action No. 14-00330<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227 *et seq*. (TELEPHONE CONSUMER PROTECTION ACT).**<br><br>**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.** |

## COMPLAINT

　　This case arises from the intentional and repeated efforts of Defendant to market its casinos and resort hotels, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (hereinafter referred to as the "TCPA") by utilizing an "automatic telephone dialing system," as defined in 47 U.S.C. §227(a)(1), to place "telemarketing calls" or "telephone solicitation" calls to Plaintiff, and all others similarly situated (hereinafter referred to as "Class Members") on their cellular telephones without obtaining "prior express written consent," as defined by 47 C.F.R. §64.1200(a)(2).  Plaintiff and Class Members now come to this Honorable Court seeking injunctive relief, a judgment against Defendant for violations of the TCPA as set forth in the statute, the costs incurred in this action, and for such other, further and different relief to which Plaintiff and Class Members may be entitled under the circumstances, and as more specific grounds therefore, Plaintiff and Class Members allege on personal knowledge, investigation of undersigned counsel, and on information and belief as follows:

## PARTIES

### PLAINTIFF

1. Plaintiff, Jason Bennett (herein after referred to as "Plaintiff"), is a natural person who is a resident of Baldwin County, Alabama, and is in excess of 19 years of age.

2. Plaintiff is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

### DEFENDANT

3. Defendant, Boyd Gaming Corporation (hereinafter sometimes individually referred to as "Boyd Gaming" or "Defendant"), is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Defendant is registered to do business in Mississippi, and places "telemarketing calls" or "telephone solicitation" calls to consumers of Alabama to promote its services.

4. Defendant Boyd Gaming is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

5. Defendant, Boyd Gaming, is in the business of owing and operating casino and resort hotel properties.

### JURISDICTION AND VENUE

6. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as the "CAFA"), codified as 28 U.S.C. §1332(d)(2). The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class, of at least thousands, is entitled to damages of up to $1,500.00 for

each call made by Defendant in violation of the TCPA.  Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

8. This Court has Federal Question jurisdiction pursuant to 28 U.S.C. §1332 *et seq*. and 47 U.S.C. §227 *et seq*.

9. This Court has personal jurisdiction over Boyd Gaming because it places "telemarketing calls" or "telephone solicitation" calls to consumers of Alabama to promote its services, otherwise solicits business from this Court's jurisdiction, and the conduct at issue in this case occurred, among other locations, in Baldwin County, Alabama.

10. Venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, because Defendant are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. *See* U.S.C. §1391.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §227

**Using an ATDS to place telemarketing calls to cellular telephones without the contacted party's *prior express written consent* violates the Act.**

11. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

12. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automatic telephone dialing systems (hereinafter referred to as an "ATDS").

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 *et seq*.

14. Specifically, the TCPA prohibits the use of an ATDS to place "telemarketing calls" to cellular telephones without the contacted party's *prior express written consent*. 47 C.F.R. §64.1200(a)(2), *emphasis added*.

15. The TCPA provides a private right of action for violations whereby an aggrieved party may be awarded, in addition to injunctive relief, the greater of actual damages or statutory damages in the amount of $500 for each violation (and up-to $1,500 for each call placed in violation of the statue intentionally, willfully and/or knowingly).

## PLAINTIFF'S FACTUAL ALLEGATIONS REGARDING TELEMARKETING CALLS

### Cold Calls and Pre-Recorded Messages

16. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

17. Plaintiff has a cellular telephone number, (251) 654-1830 (hereinafter referred to as "Plaintiff's cellular telephone"), that he has used for many years. Plaintiff has only used this number as a cellular telephone number, and Plaintiff's cellular telephone number has not been ported from a wireline service.

18. Plaintiff received a telephone calls from (228) 436-3000 on the dates, and including the pre-recorded messages, listed below:

| | |
|---|---|
| March 6, 2014 | Jason Bennett, join us and enjoy 2 free tickets to an evening of Pop and Doo-Wop on Saturday March 8th. If you wish to reserve now, press 9. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, press 9 or call 1-888-946-2847 x 5152 to reserve your tickets, or visit BConnected online to view all of your offers. To repeat this message, press 2 or press 9 to reserve now. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |

|  |  |
|---|---|
|  | Hello, this is IP Casino, Resort and Spa calling to invite you to enjoy 2 free tickets to an evening of Pop and Doo Wop. If you wish to opt-out of future calls, press 7 or have your BConnected card ready and press 9 to reserve your tickets at any time during this call.<br><br>Jason Bennett, join us and enjoy 2 free tickets to an evening of Pop and Doo Wop on Saturday, March 8th. If you wish to reserve now, press 9. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, press 9 or call 1-888-946-2847 x 5152 to reserve your tickets, or visit BConnected online to view all of your offers. To repeat this message, press 2 or press 9 to reserve now. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |
| March 12, 2014 | Hello, this is IP Casino, Resort and Spa calling to invite you to enjoy 2 free tickets to see George Thorogood and the Destroyers. If you wish to opt out of future calls, please dial 877-340-4100 and mention opt-out number 5822**.**  Jason Bennett, join us and enjoy 2 free tickets to see George Thorogood and the Destroyers on Saturday, March 15th. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, please call 1-888-946-2847 x 5152 and have your BConnected card ready to reserve your tickets, or visit BConnected online to view all of your offers. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |
| March 19, 2014 | Hello, this is IP Casino, Resort and Spa calling to invite you to enjoy 2 free tickets to see Veterans of Saturday Night Live. If you wish to-opt out of future calls, please dial 877-340-4100 and mention opt out number 5822.  Jason Bennett, join us and enjoy 2 free tickets to see the Veterans of Saturday Night Live featuring Jon Lovitz, Tim Meadows, and Rob Schneider on Saturday March 22nd. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, please call 1-888-946-2847 x 5152 and have your BConnected card ready to reserve your ticket, or visit BConnected online to view all of your offers. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |
| April 11, 2014 | Hello, this is IP Casino, Resort and Spa calling to invite you to enjoy 2 free tickets to see George Wallace. If you wish to opt out of future calls, please dial 877-340-4100 and mention |

|  |  |
|---|---|
|  | the opt-out number 5822.  Jason Bennett, join us and enjoy 2 free tickets to see comedian, George Wallace, on Friday, April 18th. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, please call 1-888-946-2847 x 5152 and have your BConnected card ready to reserve your ticket, or visit BConnected online to view all of your offers. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |
| April 23, 2014 | A 51 second undiscernible message was left. |
| May 12, 2014 | Hello, this is IP Casino, Resort and Spa calling to invite you to enjoy 2 free tickets to see Neil McCoy. If you wish to-opt out of future calls, please dial 877-340-4100 and mention the opt out number 5822.  Jason Bennett, join us and enjoy 2 free tickets to see country music artist, Neil McCoy, on Friday May 16th. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, please call 1-888-946-2847 x 5152 and have your BConnected card ready to reserve your ticket, or visit BConnected online to view all of your offers. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |
| June 27, 2014 | Hello, this is IP Casino, Resort and Spa calling to invite you to enjoy 2 free tickets to see the Kenny Wayne Shepherd Band. If you wish to opt-out of future calls, please dial 877-388-5999 and mention the opt out number 5822.  Jason Bennett, join us and enjoy 2 free tickets to see the Kenny Wayne Shepherd Band on Saturday, July 5th. Tickets are limited so reserve your tickets today. To take advantage of this great offer now, please call 1-888-946-2847 x 5152 and have your BConnected card ready to reserve your ticket, or visit BConnected online to view all of your offers. Thank you and we look forward to your visit here at IP Casino, Resort and Spa. |

19. The telephone calls placed on or about the aforementioned dates to Plaintiff's cellular telephone from (228) 436-3000 were made by Boyd Gaming.

20. As evidenced by the pre-recorded messages, the absence of a live operator, and the tell-tale pause before the pre-recorded message was delivered, the telephone calls placed to Plaintiff's cellular telephone from (228) 436-3000 were made by Boyd Gaming using an ATDS,

as defined in 47 U.S.C. §227(a)(1). The factual allegations of this paragraph are likely to have more evidentiary support after Plaintiff has been granted a reasonable opportunity to conduct further investigation and discovery.

21. Plaintiff has not provided his prior express written consent, as defined by 47 C.F.R. §64.1200(a)(2), to be contacted by Defendant for telemarketing purposes using an ATDS.

22. The telephone calls placed to Plaintiff's cellular telephone by Defendant were not made for "emergency purposes," as defined in 47 C.F.R. §64.1200.

23. The telephone calls placed to Plaintiff's cellular telephone were made by Defendant, using an ATDS, as a "telemarketing call" or "telephone solicitation," as defined in 47 U.S.C. § 227(a)(4).

24. All of the telemarketing calls placed to Plaintiff's cellular telephone by Defendant using an ATDS have been made intentionally, without Plaintiff's prior express written consent, and in plain violation of the TCPA.

25. As a result of Defendant' conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS.

26. Because each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS were made intentionally, willfully and/or knowingly by Defendant, an award of statutory damages of may be increased to as much as $1,500.00 for each of the subject telemarketing calls.

27. Plaintiff is entitled to injunctive relief to prohibit further telemarketing calls being placed to his cellular telephone by Defendant using an ATDS.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

29. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Rule 23, *Federal Rules of Civil Procedure*.

30. Plaintiff proposes the following Class definition, subject to amendments as appropriate:

> All persons within the United States who, since 12:01 a.m. on October 16, 2013, received a telephone call to a cellular telephone that was placed by an automatic telephone dialing system which included or introduced an advertisement or constituted telemarketing by Defendant, absent the contacted person's prior express written consent.

Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class.

31. Excluded from this Class are all persons who have already settled or otherwise compromised their claims against Defendant. Also excluded from the Class are the Defendant, and any entity in which the Defendant have a controlling interest, the Defendant's agents and employees, and Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and all people who submit timely and otherwise proper requests to for exclusion from the Class.

32. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class Members number, at minimum, in the thousands.

33. Plaintiff and all Class Members have been harmed by the acts of the Defendant.

34. This Class Action seeks injunctive relief and money damages.

35. The joinder of all Class members is impracticable due to the size of the Class and the relatively modest value of each individual claim.

36. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37. The Class can be identified easily through records maintained by Defendant.

38. There are well defined, nearly identical, questions of law and fact affecting all parties.

39. Such common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant used an automatic telephone dialing system to place non-emergency telephone calls to Class Members' cellular telephones;

    b. Whether Defendant can meet their burden of showing that they obtained prior express written consent to use an automatic telephone dialing system to place non-emergency telephone calls to Class Members' cellular telephones;

    c. Whether Defendant' conduct was knowing and/or willful;

    d. Whether Defendant are liable for statutory damages; and,

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. As a person who received non-emergency telephone calls on his cellular telephones placed by Defendant, using an automatic telephone dialing system, without Plaintiff's prior express written consent to Defendant as defined by the TCPA, Plaintiff asserts claims that are typical of each Class Member who also received such telephone calls.

41. Plaintiff will fairly and adequately represent and protect the interests of the Class.

42 Plaintiff has no interests that are antagonistic to any Class Member.

43. Plaintiff has retained counsel experienced in handling claims involving violations of federal consumer protection statutes, including claims under the TCPA.

44. A class action is the superior method for the fair and efficient adjudication of this controversy.

45. Class wide relief is essential to compel Defendant to comply with the TCPA.

46. The interest of the Class Members in individually pursuing claims against Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter Defendant from engaging in the same behavior in the future.

47. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were all non-emergency telephone calls placed to Class Members' cellular telephones by Defendant, using an automatic telephone dialing system without Class Members' prior express written consent as required by the TCPA.

48. Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

49. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *et seq*.

50. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §227 *et seq*.

52. As a result of Defendant's violations of 47 U.S.C. §227 *et seq*., Plaintiff and each Class Member is entitled to an award of $500.00 in statutory damages for each call made in violation of the statute, pursuant to 47 U.S.C. §227 (b)(3)(B).

53. Plaintiff and Class Members are also entitled to, and do seek, injunctive relief prohibiting Defendant violation of the TCPA in the future.

54. Plaintiff and Class Members are also entitled to an award of attorney's fees and costs.

### SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *et seq*.

55. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §227 *et seq*.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq*., Plaintiff and each Class Member is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. §227 (b)(3).

58. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

59. Plaintiff and Class Members are also entitled to an award of attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays that this Honorable Court grant Plaintiff and all Class Members the following relief:

A. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers representing Plaintiff as counsel for the Class;

B. As a result of Defendant's statutory violations of 47 U.S.C. §2727(B)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages for each call that violated the TCPA;

C. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §2727(B)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500.00 for each call that violated the TCPA;

D.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

E.  An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and,

F.  Such other, further, and different relief to which Plaintiff and the Class Members may be entitled and that this Honorable Court may deem just and proper.

## JURY DEMAND

Due to the intentional and premeditated actions of Defendant, Plaintiff, on behalf of himself individually and all other similarly situated, has come to this Honorable Court and demanded judgment against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, plus interest, the costs incurred in this action, and for such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper. In order to fairly determine the validity of the facts set forth herein and determine the amounts due Plaintiff and Class Members from Defendant, Plaintiff, on behalf of himself individually and all other similarly situated, hereby **DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
One of the Attorneys for Plaintiff/Proposed Class
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
epunderwood@alalaw.com

**Defendant to be served via certified mail as follows:**

Boyd Gaming Corporation
c/o Toni Burns
1477 Casino Strip Boulevard
Post Office Box 220
Robinsonville, Mississippi 38664