## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement"), is made and entered into pursuant to Federal Rule of Procedure Rule 23 and other applicable law and contains the terms of full and final settlement of all claims by and among:

>Jason Bennett ("Plaintiff"), individually and on behalf of the Settlement Class (as defined herein), appearing herein through counsel of record Earl P. Underwood, Jr., Ken Riemer, and John Cox;
>
>and
>
>Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa ("Boyd Biloxi") ( as defined herein) appearing herein through counsel of record, Matthew C. McDonald and Laura Ashley.

The Parties, by and through their counsel, enter into the following Settlement Agreement, intending to fully, finally and forever resolve, discharge and settle all individual and class claims pursuant to the terms and conditions set forth below.  It is a condition to the Settlement, as defined herein, that it be approved by a final order and judgment from the U.S. District Court for the Southern District of Alabama, materially in the same form as attached hereto as Exhibit A.

## I. RECITALS

**1.01.**    Plaintiff filed on July 16, 2014 a putative class action entitled *Jason Bennett, on behalf of himself and all other similarly situated v. Boyd Biloxi, LLC d/b/a IP Casino Resort Spa* ("Action") against Boyd Biloxi alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

**1.02**    Plaintiff asserted that Boyd Biloxi violated the TCPA by placing prerecorded calls constituting advertising or telemarketing under the TCPA to Plaintiff and the Settlement Class utilizing an "automatic telephone dialing system" ("ATDS") without obtaining prior express written consent as defined by 47 C.F.R. § 64.1200(a)(2).

{MB202626.4}

**1.03**   Boyd Biloxi denies the material allegations of the complaint, including that the calls constituted telemarketing or advertising under the TCPA, or that the requisite consent required by the TCPA was not obtained from Plaintiff and the Settlement Class.

**1.04**   The Parties to this Settlement Agreement conducted a thorough examination and investigation of the facts and law relating to the matters set forth in the Action, have litigated the matter for more than one (1) year, and have argued and briefed motions before the Court and conducted discovery.

**1.05**   Ultimately, the Parties initiated formal settlement discussions and attempted to resolve their dispute amicably.  The negotiations occurred over a lengthy period of time and included numerous, informal discussions as well as an in-person mediation at JAMS in Santa Monica, California before Bruce Friedman.

**1.06**   Boyd Biloxi denies any wrongdoing whatsoever, and this Settlement Agreement shall in no event be construed or deemed to be evidence of an admission or concession on the part of Boyd Biloxi with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Boyd Biloxi has asserted or would assert.

**1.07**   The Parties to this Settlement Agreement recognize that the Action has been filed by Plaintiff, for himself and on behalf of the Settlement Class, and defended by Boyd Biloxi in good faith, that the Action is being voluntarily settled upon advice of counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

**1.08**   Plaintiff and his counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to Plaintiff and the Settlement Class, and are in their best interests, and Plaintiff has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Settlement Agreement after considering (a) the

substantial benefits that the members of the Class will receive from settlement of the Action, (b) the uncertain outcome and attendant risks and costs of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the Settlement of this litigation to be consummated as provided by the terms of this Settlement Agreement.

    **1.09**   Boyd Biloxi maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action, including certification of the Class.  Nonetheless, Boyd Biloxi has agreed to enter into this Settlement Agreement to avoid the further expense, inconvenience, and distraction of burdensome litigation, and has determined that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Settlement.

## II. **DEFINITION**

    As used in this Settlement Agreement, the following terms shall have the defined meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

    **2.01**   "Action" means the above-captioned lawsuit entitled *Jason Bennett, on behalf of himself and all other similarly situated v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa*, Case No. 14-00330-WS-M, United States District Court, Southern District of Alabama.

    **2.02**   "Administrative Expenses" means the expenses incurred in the administration of this Settlement, including all expenses or costs associated with providing notice to the Class, determining the eligibility of any person to be a Class Member, reviewing the validity of claim forms submitted, obtaining any needed information regarding a Class Member, and administering and distributing the settlement awards as provided herein.

**2.03** "Agreement" or "Settlement Agreement" means this Settlement Agreement between Plaintiff, the Settlement Class and Boyd Biloxi, and each and every exhibit attached hereto.

**2.04** "Approved Claim" means a Claim Form, submitted by a Class Member that (a) is timely and responsive to the directions on the Claim Form and the provisions of this Agreement; (b) is fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Class Member; (c) is signed by the Class Member subject to the penalties of perjury; and (d) is verified by the Claims Administrator pursuant to Section 7.01. Only one Approved Claim may be submitted for each unique phone number appearing in the Class List. Only one Approved Claim will be paid per Class Member.

**2.05** "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees and certain litigation expenses as set forth herein.

**2.06** Class Action Fairness Act Notice "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.07** "Claim Form" means the document substantially in the form attached as Exhibit B, as approved by the Court. The Claim Form will require each Class Member to include (1) name; (2) current mailing address; (3) residential or cellular telephone number(s) called; (4) affirmation under penalty of perjury that claimant was called by Boyd Biloxi using a pre-recorded message on the identified residential or cellular telephone number(s) without prior express written consent; (5) contact telephone number, and (6) email contact. The Claim Form will allow a Class Member to claim a Class Award.

**2.08** "Claims Administrator" means the qualified third party selected by the Parties and approved by the Court in the Preliminary Approval Order to administer the Settlement, including implementing the Notice. The Parties expect to recommend that the Court appoint American Legal Claim Services, LLC as Claims Administrator.

**2.09** "Claims Deadline" means 45 days from the Settlement Notice Date.

**2.10** "Claims Period" means the 45-day period that begins on the Settlement Notice Date.

**2.11** "Class Award" means a gift card with a $150 value to be distributed to members of the Settlement Class who have submitted Approved Claims, as determined by the Claims Administrator. The Class Award will be redeemable for up to one year from date of issuance at Boyd Biloxi, or other wholly-owned Boyd Gaming properties (excluding "Borgata Hotel Casino and Spa" or any lease outlets or other franchises), for food, beverages, concert tickets, hotel rooms or gift shop items. The Class Award will be fully transferrable by the holder.

**2.12** "Class Counsel" and/or "Counsel for Plaintiff" means Earl P. Underwood, Jr., Ken Riemer and John Cox.

**2.13** "Class Notice" means the notice of this proposed Settlement Agreement and Final Approval Hearing, which is to be sent to the Class and includes the terms of the Parties' settlement substantially in the manner set forth in this Settlement Agreement, is consistent with the requirements of due process, Rule 23, and is substantially in the form of Exhibits C hereto.

**2.14** "Class Period" means October 16, 2013 through the date of certification of the Settlement Class.

**2.15** "Court" means the U.S. District Court for the Southern District of Alabama.

**2.16** "Defense Counsel" means Matthew C. McDonald and Laura F. Ashley of the law firm of Jones Walker LLP.

**2.17** "Effective Date" means the date described in section 11 of this agreement.

**2.18** "Final Approval Hearing" means the final hearing held by the Court, after proper Notice, to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

**2.19** "Final Judgment" means the judgment approving this Settlement that is materially the same as the document attached as Exhibit A, which is incorporated herein by reference.

**2.20** "Boyd Biloxi" refers to, individually and collectively, Boyd Biloxi, LLC, and any or all subsidiaries or affiliated entities, predecessors or successors in interest, and all of their past, present or future employees, officers, shareholders, directors, members, partners, attorney, agents, or assigns and any other person, firm, partner, joint venturer corporation, limited liability company or entity not heretofore named as a defendant who could have been made a party to the Action or could have been liable relating to the Released Claims.

**2.21** "Notice Database" means the database containing Settlement Class Members' contact information which Boyd Biloxi will provide pursuant to Section 7.02.

**2.22** "Objection Deadline" means 45 days from the Settlement Notice Date.

**2.23** "Opt-Out Deadline" means 45 days from the Settlement Notice Date.

**2.24** "Parties" means Plaintiff and Boyd Biloxi.

**2.25** "Plaintiff" means Jason Bennett.

**2.26** "Preliminary Approval Order" means the order of the Court granting preliminary approval of this Settlement Agreement authorizing the Class Notice and setting a date for the Final Approval Hearing that is materially the same as the document attached as Exhibit D, which

is incorporated by reference.

2.27    "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged placing of calls to residential or cellular telephone numbers using a prerecorded message or automatic telephone dialing system, including all claims that were brought or could have been brought in the Action relating to such calls, belonging to any and all Class Members and their heirs successors and assigns.

2.28    "Released Parties" means Boyd Biloxi, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

**2.29** "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

**2.30** "Settlement Class" means, for the purposes of this Settlement only, all persons who, since October 16, 2013 through the date the class is certified, received a telephone call to a residential or cellular telephone number initiated by, on behalf of or at the direction of Boyd Biloxi which used an artificial and/or pre-recorded voice message or was placed by an automatic telephone dialing system.

**2.31** "Settlement Class Members" means all persons who are members of the Class except those persons who timely and validly request exclusion from this Settlement after receiving Notice as defined below.

**2.32** "Settlement Notice Date" means the date on which Class Notice is to be sent which is within 30 days after the Preliminary Approval Order is entered by the Court.

**2.33** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

### III.  REQUIRED EVENTS

**3.01** Class Counsel and Defendants shall notify the Court that a Settlement Agreement has been executed.

**3.02** Class Counsel and Defendants shall take all necessary steps to obtain approval of the Settlement Agreement and having done so, shall take all necessary steps consistent with this Settlement Agreement to obtain judicial approval of the Settlement and the dismissal with prejudice of the Action.

**3.03** Class Counsel shall submit the Settlement Agreement to the Court for preliminary approval and shall move the Court to:

1.     Preliminarily approve the terms of this Settlement Agreement as sufficiently fair and reasonable to warrant sending the Class Notice to the Settlement Class preliminarily certified for settlement purposes;

2.     Approve the Class Notice to be given to Class Members advising them of the Settlement and of the Final Approval Hearing and finding that the Class Notice constitutes due, adequate and sufficient notice to all persons entitled to receive notice and meets the requirements of due process;

3.     Rule that any Class Member who did not submit a timely, written request for exclusion in accordance with the Notice will be bound by all proceedings, orders, and judgments in the Action;

4.     Require that each Class Member who has objections to the proposed settlement file an objection with the Court with service on Class Counsel and Defense Counsel postmarked not more than forty-five (45) days from the Settlement Notice Date;

5.     Approve the Claims Administrator;

6.     Schedule a Final Approval Hearing to review objections to this Settlement and to consider the fairness, reasonableness, and adequacy of this Settlement and the application for an award of attorneys' fees and reimbursement of expenses, and to consider whether the Court should issue a Final Judgment approving this Settlement Agreement.

**3.04**     Class Counsel and defense counsel will cooperate to undertake all reasonable actions in order to accomplish the above.  In the event that the Court fails to grant Preliminary Approval or fails to issue a Final Judgment, Class Counsel and Defendants agree to use all reasonable efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court.

## IV.  SETTLEMENT TERMS

**4.01**    In consideration and cause for the complete and final Settlement and Class Release provided herein, Boyd Biloxi shall implement policies for its marketing activities using prerecorded messages or an automatic telephone dialing system to comply with the TCPA.

**4.02**    Boyd Biloxi shall also provide a Class Award to each Settlement Class Member with an Approved Claim, as determined by the Claims Administrator, on a claims-made basis. Each Settlement Class Member shall be entitled to make one claim only for a Class Award regardless of the number of phone calls received by the Settlement Class Member from Boyd Biloxi during the Class Period.

**4.03**    Released Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Member relating to the Class Award distributed to any Settlement Class Member pursuant to this Settlement Agreement.

**4.04**    Each Settlement Class Member shall be solely responsible for the federal, state, and local tax due, if any, resulting from receipt of the Class Award.  No Released Party shall have any liability to any Settlement Class Member or other person if a taxing authority determines that taxes are owed on the Class Award.

## V.    ATTORNEYS' FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVE

**5.01**    <u>Attorneys' Fees and Costs</u>.  Boyd Biloxi agrees it will not interpose objection to any fee request submitted by Class Counsel to the Court in an amount up to a maximum of $2,000,000, plus costs up to a maximum of $7,500.  Boyd Biloxi will pay any amount awarded by the Court for Class Counsel's fees and costs (up to $2,007,500.00) within 30 days after the Effective Date, provided it has received W-9 forms for each firm comprising Class Counsel and reasonable payment instructions by the Effective Date.

{MB202626.4}

**5.02** <u>Payment to Class Representatives</u>. Boyd Biloxi agrees it will not interpose objection to any request to the Court to award the Class Representative a service award, in an amount up to $3,500. Boyd Biloxi will pay any service award approved by the Court within 30 days after the Effective Date, provided it has received a current W-9 form for the Class Representative and reasonable payment instructions from Class Counsel by the Effective Date.

**5.03** <u>Settlement Independent of Award of Fees, Costs, and Service Awards</u>. The payments of service awards and attorneys' fees and costs set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's final approval of the Settlement as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, the Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' and Class Counsel's requests for such payments or awarding the particular amounts they seek. In the event the Court declines the requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the Parties.

## VI. PRELIMINARY APPROVAL ORDER AND FINAL JUDGMENT

**6.01** Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement and for entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice substantially in the form attached hereto as Exhibit B and C hereto. Such Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of the Class.

{MB202626.4}

11

**6.02**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing, to be held on or after 28 days of the Objection Deadline or such other time as the Court shall set and approve the settlement of the Action as set forth herein.

**6.03**    After Notice is given, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will, among other things,:

(a)    find that the Court has personal jurisdiction over all Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b)    approve the Settlement Agreement as fair, reasonable, and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)    find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)    find that the Class Representative and Class Counsel adequately

{MB202626.4}

12

represented the Class for purposes of entering into and implementing the Agreement;

        (e)    dismiss the Action on the merits and with prejudice as to the Released Parties, without fees or costs to any Party except as provided in the Settlement Agreement and determined by the Court;

        (f)    incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

        (g)    permanently bar and enjoin all Class Members who have not been properly excluded from the Class from filing, commencing, prosecuting, intervening in, or participating, as class members or otherwise, in any lawsuit or other action in any jurisdiction based on the Released Claims;

        (h)    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

        (i)    incorporate any other provisions, as the Court deems necessary and just.

## VII.  ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**    <u>Third-Party Claims Administrator</u>. The Claims Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, undertaking reasonable efforts to obtain new addresses for returned mail, setting up and maintaining the Settlement Website, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud (as determined by the Claims Administrator under

policies and procedures developed by the Claims Administrator), directing the distribution of Class Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide periodic updates on the claims status to counsel for all Parties.

 **7.02** <u>Notice Databases</u>. To facilitate the notice and claims administration process, Boyd Biloxi will provide to the Claims Administrator in an electronically searchable and readable format, data that includes the names, last known mailing addresses and telephone numbers for Settlement Class, Members currently estimated to be 68,931, as such information is contained in the reasonably available computerized records of Boyd Biloxi. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator will so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to the Settlement Class Members provided to the Claims Administrator pursuant to this Settlement Agreement will be provided solely for the purpose of providing notice to the Settlement Class Members and allowing them to recover under this Settlement. All personal information will be kept in strict confidence, will not be disclosed to any third party and will not be used for any other purpose.

 **7.03** Boyd Biloxi will pay the reasonable costs of notice and settlement administration upon invoices by the Claims Administrator, on a schedule to be agreed upon by the Claims Administrator and Boyd Biloxi. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide that information to Boyd Biloxi monthly.

7.04    The Claims Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including by cross-referencing the telephone numbers provided on the Claim Form against the list of Settlement Class Members, and shall reject a Claim Form where the residential or cellular telephone number provided on the Claim Form does not appear on the list of Settlement Class Members or where there is evidence of abuse or fraud.   The Claims Administrator shall also reject a Claim Form that is not timely filed or does not contain all requested information necessary to screen the claim for fraud or abuse.

## VIII. <u>NOTICES</u>

8.01    <u>Timing of Class Notice</u>.  Class Notice using the forms attached as Exhibit B and C will be provided to all persons in the Settlement Class within 30 days following entry of the Preliminary Approval Order as described herein.

8.02    <u>Mailing of Class Notice</u>. The Claims Administrator will send the Class Notice via first class U.S. mail to all Settlement Class Members to the mailing address reasonably available in Boyd Biloxi's electronic records.  The Claims Administrator will promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  All costs of notice, including confirmation, data searches, and re-mailing of undelivered Class Notices will be considered Administrative Expenses.

8.03    <u>Website Notice</u>.  By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated settlement website containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form that Settlement Class Members may download and complete. At a minimum, such documents will include the Settlement Agreement and attached exhibits, Class Notice, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form,

{MB202626.4}

briefing on Class Counsel's motion for attorneys' fees and costs, briefing on Plaintiffs' motion for service awards, the Preliminary Approval Order, and the Final Approval Order. The Settlement website will be taken down and rendered inaccessible 90 days after the Effective Date.

**8.04**   CAFA Notice.  Boyd Biloxi, through the Claims Administrator, will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten days of the filing of the Preliminary Approval Motion.

## IX.  CLAIMS PROCESS

**9.01**   Claimants.  Each Settlement Class member who does not timely submit a valid Request for Exclusion from the Settlement as required in this Agreement will be entitled to make a claim.  Each Settlement Class Member will be entitled to make only one claim regardless of the number of phone calls received from Boyd Biloxi by that Settlement Class Member during the Class Period.

**9.02**   Conditions for Claiming  Class Award.  To make an Approved Claim, Settlement Class Members must submit by the Claims Deadline a Claim Form containing the information set forth in Exhibit B attached hereto, including the Settlement Class Member's (1) name; (2) current mailing address; (3) residential or cellular telephone number(s) called; (4) affirmation under penalty of perjury that claimant was called by Boyd Biloxi using a pre-recorded message on the identified residential or cellular telephone number(s) without prior express written consent; (5) contact telephone number; and (6) contact email address.  If a Settlement Class Member fails to fully and timely complete a Claim Form or completes a Claim form incorrectly, the Claim Form will not be approved.

**9.03**   Mailing of Class Awards.  Class Awards will be sent to Class Members, who submitted and Approved Claim, by the Claims Administrator via U.S. mail no later

than 30 days after the Effective Date to a Class Member. If any Class Awards are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member.  If, after a second mailing, the Class Award is again returned, or if no forwarding address information is identified after the first mailing, no further efforts need be taken by the Claims Administrator to resend the Class Awards.

## X.  OPT-OUTS AND OBJECTIONS

**10.01**   Opting Out of the Settlement.   Any Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written Request for Exclusion to the Claims Administrator, postmarked no later than the Opt-Out Deadline. To be valid, a Request for Exclusion must state the Settlement Class Member's full name, address, residential or cellular telephone number(s) on which he or she received a call with a prerecorded message from Boyd Biloxi during the Class Period, and a telephone number at which he or she currently can be reached. Further, the Request for Exclusion must clearly state that the Settlement Class Member wishes to be excluded from the Settlement. Any Settlement Class Member who timely submits a valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Agreement. Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by this Agreement and the judgment, including the releases and covenant not to sue in Section 12.03 below.

**10.02**   Reporting of Opt-Outs.   The Claims Administrator will provide the Parties with copies of all Requests for Exclusion it receives, and will provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 10.01.

**10.03**   Objections.  Any Settlement Class Member who wishes to object to the

{MB202626.4}

17

Settlement must file a written Objection with the Court no later than the Objection Deadline. The Settlement Class Member must also serve a copy of the Objection via first-class U.S. mail on Class Counsel and Boyd Biloxi's Counsel. The Objection must include:

      a.     the name, address, telephone number, and email address of the Settlement Class Member who is objecting and, of his/her counsel if represented by counsel;

      b.     proof of receipt of a residential or cellular telephone call from Boyd Biloxi during the Class Period;

      c.     the reasons for his or her Objection; and

      d.     a statement whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

The Parties will requst the Court to schedule and allow them the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition. The Parties will request the Court to order that discovery be conducted on an expedited basis, with the objecting Settlement Class Member required to respond and appear for deposition within 14 days, if a deposition is noticed. Settlement Class Members who fail to timely file and serve written Objections, or fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

## XI. **EFFECTIVE DATE**

**11.01** The Effective Date will occur:

      a.     Thirty days after entry of the final judgment approving the Settlement if no document is filed within that time seeking appeal, review, or any relief that would

{MB202626.4}

18

result in extending the time to seek appeal or review; or

b.    If any such document is filed, then five days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect without any material difference from the contents described in Section 6.03.

## XII. RELEASE OF CLAIMS

**12.01**    Released Claims.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined in Section 2.27). Plaintiffs and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.

**12.02**    Waiver of Unknown Claims. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

    **12.03** <u>Covenant Not To Sue</u>.  Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

**XIII.  <u>TERMINATION OF AGREEMENT</u>**

    **13.01** <u>Either Side May Terminate the Agreement</u>.  Plaintiff and Boyd Biloxi will each have the right to unilaterally terminate this Agreement upon any of the following occurrences:

        a.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement (except as noted in Section 5.03);

        b.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on

remand; or

c.     any court incorporates terms into, or deletes or strikes from, or modifies, amends, or changes the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in any way that is material; or

d.     the Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless material changes are made.

**13.02**   Boyd Biloxi May Terminate the Agreement.  Boyd Biloxi has the right in its sole discretion, but not the obligation, to terminate the Settlement Agreement if the number of persons seeking exclusion exceeds 150.  Boyd Biloxi may terminate by serving written notice of termination on the Court and Class Counsel by hand delivery or electronic mail within ten (10) business days after being informed in writing by the Claims Administrator that there are 150 or more of such valid requests for exclusion.

**13.03**   Exercising the Right to Terminate.  The right to terminate expires if it is not exercised within ten days of the triggering occurrence. To exercise the right, a Party must provide written notice of their or its election to do so ("Termination Notice") to the other Party. If the triggering occurrence is a court making or proposing a material change to the Settlement Agreement, Preliminary Approval Order, or Final Approval Order, a Party desiring to terminate must meet and confer with the other Parties to discuss in good faith whether they can reach agreement to the change(s) before the Party may exercise the right to terminate.

**13.04**   Revert to Status Quo. If either Plaintiffs or Boyd Biloxi terminate(s) this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court

{MB202626.4}

in connection with this Agreement will be vacated.

## XIV.  NO ADMISSION OF LIABILITY

**14.01**  Boyd Biloxi denies any liability or wrongdoing of any kind associated with the alleged claims in the consolidated amended complaint, whether related to its conduct or the conduct of third parties on its behalf.  Boyd Biloxi has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein will constitute an admission by Boyd Biloxi that the Action is properly brought on a class or representative basis, or that classes may be certified in that Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Boyd Biloxi or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Boyd Biloxi in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**14.02**  Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

{MB202626.4}

## XV. **MISCELLANEOUS**

**15.01**  Entire Agreement. This Agreement constitutes the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**15.02**  Governing Law. This Agreement will be governed by the laws of the State of Alabama.

**15.03**  Jurisdiction. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**15.04**  No Publicity. The Parties, Class Counsel, and Boyd Biloxi's Counsel shall decline to respond to media inquiries about this case and shall not make any postings online about this case.  Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 8 above.

**15.05**  No Construction Against Drafter.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**15.06**  Resolution of Disputes. The Parties will cooperate in good faith in the administration of this Settlement, and Plaintiffs will file a motion for preliminary approval no later than October 22, 2015, as ordered by the Court. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a

{MB202626.4}

mediator upon agreement of the Parties.

**15.07**   Counterparts. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**15.08**   Time Periods. The time periods and dates described herein are subject to the provisions of Section 6.01, Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**15.09**   Authority. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**15.10**   Modification. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Boyd Biloxi and Plaintiff, and approved by the Court.

**15.11**   Confidentiality. The Parties agree to keep the settlement terms confidential until the filing of a motion to preliminarily approve the Settlement.

**15.12**   Binding on Assigns. This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**15.13**   Conflicts. In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control.

**15.14**   Notices. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail,

hand delivery, or U.S. mail, postage prepaid, as follows:

| **If to Class Counsel:** | **If to Boyd Biloxi Counsel:** |
|---|---|

**If to Class Counsel:**

Earl P. Underwood, Jr.
Kenneth J. Riemer
Underwood & Riemer, PC
21 South Section St.
Fairhope, Alabama  36532
epunderwood@alalaw.com
kjr@alaconsumerlaw.com

John R. Cox, Esq.
9786-A Timber Circle
Spanish Fort, Alabama  36527
jrc@jrcoxlaw.com

**If to Boyd Biloxi Counsel:**

Matthew C. McDonald
Jones Walker LLP
11 North Water Street, Ste. 1200
Mobile, Alabama  36602
Telephone:  251-439-7576
Facsimile:  251-439-7385
mmcdonald@joneswalker.com

Laura F. Ashley
Jones Walker LLP
201 St. Charles Ave., 49th Floor
New Orleans, Louisiana 70170
Telephone:    504-582-8118
Facsimile:    504-589-8118
lashley@joneswalker.com

     IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

be executed.

Earl P. Underwood, Jr. on behalf of Jason
Bennett and the Class Members:

Dated: 10/29/15

Matthew C. McDonald on behalf of Boyd
Biloxi, LLC d/b/a
IP Casino Resort and Spa:

Date: 10/29/15

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JASON BENNETT, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>BOYD BILOXI, LLC d/b/a IP Casino Resort and Spa,<br><br>     Defendant. | Civil Action No. 14-00330-WS-M |

## ORDER APPROVING CLASS ACTION SETTLEMENT

The Court having held a Final Approval Hearing on [DATE], and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

    1.    This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

    2.    On July 16, 2014 Plaintiff Jason Bennett filed a class action lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227

{MB204743.2}

1

("TCPA").  On October 7, 2014, Plaintiff filed a First Amended Complaint against Boyd

Biloxi, LLC d/b/a IP Casino Resort and Spa ("Boyd Biloxi") alleging that calls it made

offering Plaintiff and his putative class free tickets to concerts or other special

promotions violated the TCPA, as the call recipients had not given prior express written

consent to Defendant to make such calls.

3.      The Settlement Class was conditionally certified for settlement purposes in

this Court's Preliminary Approval Order:

> All persons who, since October 16, 2013 through _____ (the date
> the class is certified), received a telephone call to a residential or cellular
> telephone number initiated by, on behalf of or at the direction of Boyd
> Biloxi which used an artificial and/or pre-recorded voice message or was
> placed by an automatic telephone dialing system.

4.      The Court has jurisdiction over the subject matter of this Action and all

Parties to the Action, including all Settlement Class Members (as defined above),

including, without limitation, jurisdiction to approve the proposed Settlement, grant final

certification of the Settlement Class, and dismiss this Action with prejudice.

5.      The Court finds that, for purposes of approving and effectuating the

Settlement embodied in the Settlement Agreement, and only for such purposes, the

prerequisites for certifying this Action as a class action under Federal Rule of Civil

Procedure 23(a) and (b)(3) have been met.

6.      A total of [number] Settlement Class Members submitted timely and proper

Requests for Exclusion. (See [report from Class Administrator].) The Court hereby orders

that each of those individuals is excluded from the Settlement Class. Those individuals

will not be bound by the Agreement, and neither will they be entitled to any of its

benefits. Those individuals will not be bound by this Order and final judgment or the releases herein.

7.     Plaintiff was appointed Class Representative in this Court's Order Preliminarily Approving Class Action Settlement and has fairly and adequately represented the Settlement Class throughout the proceedings and is hereby finally confirmed and appointed as Class Representative.

8.     Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class throughout the proceedings and for purposes of entering into and implementing the Settlement, and thus hereby reiterates the appointment of Class Counsel as Class Counsel to represent the Settlement Class.

9.     Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the Class Notice plan provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. The Class Notice and related Class Notice plan was designed to provide notice in the manner most likely to be received and read by Settlement Class Members. The Claims Administrator, through Defendant, has filed with the Court proof of compliance with the Class Notice plan in accordance with this Court's Preliminary Approval Order. The Settlement Class received valid, due, and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

10.     The Court hereby finds and concludes that the Class Notice provided by the Claims Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

11.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Agreement are the product of lengthy, arm's-length negotiations. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice. The Court hereby finally approves the Agreement, the exhibits, and the Settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions.

12.     A total of [number] Settlement Class Members submitted timely and proper Objections to the Amended Settlement Agreement. (See [docket citations].) Having considered those Objections and the Parties' responses to them, the Court finds that none of them are well founded and each is overruled in its entirety.

13.     Having considered the submissions by Class Counsel and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the Settlement Class. The Plaintiff, as Class Representative, initiated the Action, acted to protect the Settlement Class, and assisted Class Counsel. The efforts of Plaintiff and Class Counsel have produced a Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. Class Counsel is entitled to reasonable attorneys'

{MB204743.2}                                              4

fees for their work, which the Court finds to be $[_____], including reasonable expenses of $7,500 incurred in the litigation. The Class Representative is entitled to a service award in the amount of $3,500. Payments to the Class Representative and attorneys' fees awarded shall be paid by Defendant within thirty (30) days after the Effective Date, in accordance with the Settlement Agreement. Class Counsel, in their sole discretion, are hereby authorized to allocate and distribute the fees among Plaintiffs' Counsel.

14.     All Settlement Class Members who have not been excluded above are bound by this Order, the accompanying Final Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

15.     The Court hereby dismisses the Action, as defined in the Agreement, with prejudice, without costs to any party, except as awarded above.

16.     The Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any

individual, class or putative class, representative or other action or proceeding), directly

or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released

Parties. This permanent bar and injunction is necessary to protect and effectuate the

Settlement Agreement, this Order and this Court's authority to effectuate the Settlement

Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18.     The Settlement Agreement (including, without limitation, its exhibits), and

any and all negotiations, documents, and discussions associated with it, this Order and the

final judgment, or the fact of the Settlement shall not in any event be construed as,

offered in evidence as, received in evidence as, and/or deemed to be, evidence of a

presumption, concession or an admission of liability, fault or wrongdoing, or in any way

referred to for any other reason, by any Class Representative, Settlement Class Member,

Defendant, or Released Party in the Action or in any other civil, criminal, or

administrative action or proceeding, except for purposes of enforcing the provisions of

the Settlement Agreement, this Order and the final judgment. Without affecting the

finality of this Judgment, the Court, under the Court's contempt power, retains exclusive

jurisdiction over this Action and thus all Defendants, Plaintiff, and Settlement Class

Members in this Action regarding the Settlement including without limitation the

Settlement Agreement and this Order. Defendant, Plaintiff, and Settlement Class

Members in this Action are hereby deemed to have submitted irrevocably to the exclusive

jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or

relating to the Released Claims, this Order, or the Settlement Agreement, including but

not limited to the applicability of the Released Claims, the Settlement Agreement, or this Order.

19.     No opinions concerning the tax consequences of the Settlement to Settlement Class Members have been given, and no representations or warranties regarding such tax consequences are made in the Agreement. The Parties and their respective counsel shall not be liable to any party or person for any tax consequences that result from the implementation of this Settlement. Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or relief awarded under the Settlement and any tax reporting obligations with respect to it.

20.     The Court reserves jurisdiction over the implementation, administration and enforcement of this Order, the Final Judgment, the Settlement Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the Final Judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Order or the final judgment preclude Plaintiff or Settlement Class Members from participating in the claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

21.     The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

22.     As of the date of this Order, a total of [number] Settlement Class Members submitted timely and proper claims. The Court hereby orders that these claims, and any other claims subsequently determined to be timely and proper by the Class Administrator

pursuant to the terms set forth in the Settlement Agreement, be treated as Approved Claims for purposes of distributing Class Awards.

23. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

24. The Court will separately enter a final judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated: _____, 2015         _____

WILLIAM H. STEELE
United States Chief District Judge

# Exhibit B

**BENNETT TCPA SETTLEMENT** (N1)
C/O
_____
_____
_____

6167-FC-000177

JANE DOE
1234 N MAIN ST APT 56
ANYWHERE FL 12345-6789

### BENNETT TCPA CLAIM FORM

THIS CLAIM FORM MUST BE POSTMARKED BY _____ AND MUST BE COMPLETED IN FULL, SIGNED AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

*Select one:*

❑ **My name and address are correct as shown above.**

❑ **My name and address are not correct or have changed, and I have provided the correct information below.**

| | |
|---|---|
| Name | _____ |
| Street Address | _____ |
| City, State & Zip | _____ |

**THE FOLLOWING INFORMATION IS REQUIRED FOR ALL CLAIMS.**

Residential or Cell Phone Number that received the call _____

Your Contact Phone Number _____

Email Address _____

**By submitting this claim form and checking the boxes below, I declare that I am a member of the Class and that the following statements are true. (Each box must be checked to receive a payment.)**

❑   I received a call with a pre-recorded message from Boyd Biloxi between October 16, 2013 and _____ on the phone number provided above.

❑   Prior to receiving this call, I did not provide Boyd Biloxi with express written consent to receipt of such calls to this telephone number.

❑   Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature _____    Date _____

---

### Your completed and signed Claim Form must be postmarked no later than _____.

Your claim will be submitted to the Claims Administrator for review. If your claim form is incomplete, untimely, or contains false information, it may be rejected by the Claim Administrator. If accepted, you will be mailed a Class Award redeemable at Boyd Biloxi or other Boyd Gaming property (excluding Borgato Casino) at the street address you provide. This process takes time, please be patient.

*SUBMIT BY MAIL*

**BENNETT TCPA SETTLEMENT**
c/o _____
_____
_____

For Questions please visit **www.BennettTCPACase.net** or call [toll free number]

*It is your responsibility to keep a current address on file with the settlement class administrator.*

## Proof of Release and Claim Form

1.     It is important that you completely read and understand the Notice that accompanies the Claim Form printed on the reverse side of this page. The Notice describes the proposed Settlement, how Class members are affected by the Settlement, and the manner in which the Class Awards will be distributed if the Settlement is approved by the Court. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Release provided for herein, as well as the Class Award set forth in the Notice.

2.     IF YOU ARE NOT A CLASS MEMBER (see definition of the Class on page 3 of the Notice). DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.**

3.     Agents, executors, administrators, guardians, and trustees may complete and sign the Claim Form on behalf of Persons represented by them, and they must:

      (a) expressly state the capacity in which they are acting; and
      (b) identify the name, address and telephone number of the person on whose behalf the Claim Form is submitted; and
      (c) furnish herewith evidence of their authority to bind the Claim Form to the Person on whose behalf they are acting.

4.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of any documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

5.     By submitting and signing the Claim Form you will (a) acknowledge and be deemed, as of the Effective Date of the Settlement, to have completely, fully, finally, and forever dismissed, released, relinquished and discharged with prejudice the Released Parties (defined in the Settlement Agreement) from each and every one of the Released Claims (defined in the Settlement Agreement); (b) forever be barred and enjoined by operation of law and the Judgment from filing, commencing, intervening in, participating in (as a class member or otherwise), instituting, maintaining, prosecuting, seeking relief in (including filing an application or motion for preliminary or permanent injunctive relief) or receiving any recovery, remedy, benefits or other relief from any lawsuit, action, arbitration or other proceeding in any jurisdiction that asserts any or all of the Released Claims against the Released Parties; and (c) by operation of law and the Judgment be deemed to have covenanted not to sue any or all of the Released Parties with respect to each and every one of the Released Claims.

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

# If you received a telephone call with a pre-recorded message from Boyd Biloxi, a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are __not__ being sued. This is __not__ a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa ("Defendant" or "Boyd Biloxi") and Jason Bennett. The class action lawsuit is about whether Defendant sent or authorized the sending of phone calls with prerecorded messages advertising free tickets to concerts or other special promotions.

- The Court decided this lawsuit can proceed for settlement purposes as a class action and you are included if you received a phone call from Defendant to your residential or cellular telephone number between October 16, 2013 and _____.

- Those included in the Settlement will be eligible to receive a Class Award with a value of $150. Defendant has also agreed to take certain steps related to preventing marketing telephone calls using pre-recorded messages or an automatic telephone dialing system in the future without the prior express written consent of the call recipients.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | This is the only way to receive a Class Award. |
| DO NOTHING | You will receive no Class Award and will give up your rights to sue the Defendant about the issue in this case. |
| ASK TO BE EXCLUDED FROM THE SETTLEMENT | You will receive no Class Award, but you will keep any rights you have to separately sue Defendant about the same legal issues resolved by this Settlement. |
| OBJECT TO THE SETTLEMENT | Write to the Court explaining why you do not like the Settlement. |
| GO TO THE SETTLEMENT HEARING | Ask to speak in Court about the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments of the Class Award will be provided only after final approval of the Settlement. Please be patient.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.BennettTCPACase.NET

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ...............................................................................................**PAGE 3**

    1.  Why was this Notice issued?
    2.  What is a class action and who is involved?

**THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT** .........................................**PAGE 3**

    3.  What is this lawsuit about?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ...........................................................**PAGE 3-4**

    5.  Am I part of the Settlement?
    6.  What did the telephone messages say and when were they sent?
    7.  How do I know if I received one of these telephone messages?
    8.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS** ............................................................................**PAGE 4**

    9.  What does the Settlement provide?
    10.  When will I get my payment?

**HOW TO GET BENEFITS** ..................................................................................**PAGE 4**

    11.  How do I get benefits?

**THE LAWYERS REPRESENTING YOU** ..................................................................**PAGE 4**

    12.  Do I have a lawyer in this case?
    13.  Should I get my own lawyer?
    14.  How will the lawyers be paid?

**YOUR RIGHTS AND OPTIONS** ..........................................................................**PAGE 5-6**

    15.  What happens if I do nothing?
    16.  What happens if I ask to be excluded?
    17.  How do I ask to be excluded?
    18.  If I do not exclude myself, can I sue Defendants for the same thing later?
    19.  How do I object to the Settlement?
    20.  What's the difference between objecting to the Settlement and excluding myself?

**THE COURT'S FAIRNESS HEARING** ....................................................................**PAGE 6**

    21.  When and where will the Court decide whether to approve the Settlement?
    22.  Do I have to come to the hearing?
    23.  May I speak at the hearing?

**GETTING MORE INFORMATION** ..........................................................................**PAGE 6**

    24.  How do I get more information?

## BASIC INFORMATION

### 1. Why was this Notice issued?

The Court authorized this Notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge William H. Steele of the U.S. District Court for the Southern District of Alabama is overseeing this class action. The case is known as *Jason Bennett v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa*, Case No. No. 14-00330-WS-M. The person who sued is called the Plaintiff. The company they sued, Boyd Biloxi, is the Defendant.

### 2. What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" (in this case, Jason Bennett) sue on behalf of a group of people who have similar claims. Together, these people are called a "Class" or "Class Members." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Court has decided that this lawsuit can proceed as a class action for purposes of settlement.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Defendant placed telephone calls with pre-recorded messages advertising free concert tickets and other special promotions to Plaintiff and Class Members. The lawsuit contends these telephone calls violated the Telephone Consumer Protection Act because, the called recipients did not provide prior written express consent to Defendant to receive such telemarketing or advertising calls. Defendant denies the material allegations and are entering the Settlement to avoid burdensome and costly litigation. The Settlement is not an admission of wrongdoing. More information about the allegations in the lawsuit and the Defendant's position can be found in the "Court Documents" section of the website www.BennettTCPACase.NET.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides have entered into a Settlement Agreement to avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now. The Class Representative and his attorneys ("Class Counsel") believe that the settlement is in the best interests of the Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

You need to determine whether you are affected by this Settlement.

### 5. Am I part of the Settlement?

The Court decided that this Settlement includes a Class of "All persons who since October 16, 2013 through the date the class is certified, received a telephone call to a residential or cellular telephone number initiated by, on behalf of or at the direction of Boyd Biloxi which used an artificial and/or pre-recorded voice message or was placed by an automatic telephone dialing system.

### 6. What did the calls say and when were they made?

Plaintiff alleges Boyd Biloxi placed telephone calls with pre-recorded messages to residential and cell phone numbers between October 16, 2013 and _____. The phone messages in this call offered call recipients free tickets to concerts or advertised other special promotions at Boyd Biloxi.

### 7. How do I know if I received one of these telephone calls?

**You are receiving the Notice because your residential or cell phone number may have been called by Defendant. You are a member of the Settlement Class regardless of whether you answered the call, the message went to your voicemail, or a call otherwise was received on your phone.**

**8. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can visit the website www.BennettTCPACase.net for more information. You can also get free help by calling the lawyers in this case at 251-990-0558.

## THE SETTLEMENT BENEFITS

**9. What does the Settlement provide?**

As part of the Settlement, Class Members who submit valid claim forms before the deadline of _____ will each receive a Class Award of a fully transferable gift card with a value of $150, redeemable at Boyd Biloxi or other Boyd Gaming property (excluding Borgata Casino or any lease outlets or other franchises). The card is good for one year and redeemable for food, beverages, tickets, hotel rooms or gift shop items. Defendant has agreed to take steps to ensure it does not make such advertising or telemarketing phone calls in the future without obtaining prior express written consent from the call recipients.

Defendant has also agreed to pay for certain costs of sending notice to the Class and for administration costs of the Settlement. The Settlement Agreement and additional information about the Settlement can be found in the "Court Documents" Section of the website.

**10. When will I get my Class Award?**

The hearing to consider the final fairness of the Settlement is scheduled for _____. If the Court approves the settlement, and after any appeals process is completed, eligible Class members whose claims were approved by the Claims Administrator will be sent a Class Award. Please be patient.

## HOW TO GET BENEFITS

**11. How do I get benefits?**

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a truthful Claim Form by _____. A Claims Form is attached at the end of this Notice, or you can obtain one online by going to www.BennettTCPACase.net, or to obtain a paper copy you can call toll free, _____.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

Yes, the Court has appointed lawyers Earl P. Underwood, Jr., Kenneth J. Riemer and John R. Cox as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." The contact information for the lawyers in this case appear in section 19 below.

**13. Should I get my own lawyer?**

You do not have to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

**14. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses of up to $2,007,500 and will also request an award of $3,500 for the Class Representative. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested. Defendant will pay the amounts awarded by the Court in addition to the Class Awards paid to Class Members and the notice and administration costs. Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees two weeks prior to the Fairness Hearing to be set by the Court.

# YOUR RIGHTS AND OPTIONS

## 15. What happens if I do nothing?

If you do nothing, you won't get a Class Award or any other benefits from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## 16. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you cannot claim any Class Award or receive any benefits as a result of the settlement. You will keep your right to start your own lawsuit against Defendant for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Class and Defendant in this class action.

## 17. How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Jason Bennett v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa*, Case No. No. 14-00330-WS-M. Your letter must also include your name and address, the residential or cell phone number that received the telephone call, and your signature. You must mail your exclusion request no later than _____, to:

Bennett TCPA Claims Administrator
American Legal Claim Services, LLC
5985 Richard Street Suite 3
Jacksonville, FL 32216

You cannot exclude yourself on the phone or by fax or email.

## 18. If I do not exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims in this lawsuit and resolved by this Settlement.

## 19. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Jason Bennett v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa*, Case No. No. 14-00330-WS-M. Your letter or brief must also: (1) identify all of the reasons for your objections (including citations and supporting evidence) and attach any materials you are relying on to make your objections; (2) include your name, address, the residential or cell phone number that received the call from Boyd Biloxi, and your signature; and (3) indicate whether you want to appear and speak at the Fairness Hearing, with or without your own lawyer (*see* Questions 21-23). Your objection and any supporting papers must be filed with the Court and mailed or delivered to Class Counsel and Defendant's Counsel at the following addresses, postmarked no later than _____.

| Court | Class Counsel | Boyd Biloxi's Counsel |
|---|---|---|
| *Jason Bennett v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa* Case No. No. 14-00330-WS-M Clerk of Court United States District Court Southern District of Alabama 113 St Joseph Street Mobile, Alabama 36602 | Earl P. Underwood, Jr. Underwood & Riemer, PC 21 South Section St. Fairhope, Alabama 36532 Telephone: 251-990-5558<br><br>Kenneth J. Riemer Underwood & Riemer, PC 21 South Section St. Fairhope, Alabama 36532 Telephone: 251-432-9212<br><br>John R. Cox, Esq. 9786-A Timber Circle Spanish Fort, Alabama 36527 Telephone: 251-517-4753 | Matthew C. McDonald Jones Walker LLP 11 North Water Street, Ste. 1200 Mobile, Alabama 36602 Telephone: 251-439-7576 |

**20. What's the difference between objecting to the Settlement and excluding myself?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you stay in the Class (i.e. do not exclude yourself from the Settlement). Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object because the Settlement no longer affects you.

# THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing at _____ on _____ in Courtroom 2A on the 2nd Floor of the United States District Court Southern District of Alabama, 113 St Joseph Street, Mobile, Alabama  36602. The purpose of this hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will listen to any objections and arguments concerning the fairness of the Settlement. The hearing may be postponed to a different date or time without notice. If you timely objected to the Settlement and told the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of the Fairness Hearing.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was filed and mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay another lawyer to attend, but you do not have to.

**23. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your letter or brief objecting to the Settlement saying that it is your "Notice of Intent to Appear in *Jason Bennett v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa*. You must also include your name, address, telephone number that received the text message, and signature, as well as the name and address of your lawyer, if one will be appearing for you. Your objection and notice of intent to appear must be filed with the Court and mailed to Class Counsel, and Defendant's Counsel no later than _____. You cannot speak at the Fairness Hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

**24. How do I get more information?**

You can visit www.BennettTCPACase.net for the Settlement Agreement, Court Documents and updated information about the lawsuit and the Settlement as it becomes available. You may also call the Claims Administrator at [1-000-000-0000] or contact Class Counsel (see section 19 above), if you have any questions.  Before doing so, however, please read this full Notice carefully.  You may also find additional information elsewhere on the case website.  Questions may not be directed to the Court.

# Exhibit D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JASON BENNETT, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BOYD BILOXI, LLC d/b/a IP Casino Resort Spa,<br><br>        Defendant. | Civil Action No. 14-00330-WS-M |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement, under Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement, all files and submissions, and the arguments of counsel at a hearing on _____,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class**

1.      <u>Settlement Terms</u>.  Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.      <u>Jurisdiction</u>.  The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3.      <u>Preliminary Findings</u>.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement as set forth in the

1

Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Settlement Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction is warranted. The Court therefore grants preliminary approval of the Settlement.

4. <u>Conditional Certification of Settlement Class</u>. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby conditionally certifies this action as a class action on behalf of the following Settlement Class:

> All persons who, since October 16, 2013 through _____ (the date the class is certified), received a telephone call to a residential or cellular telephone number initiated by, on behalf of or at the direction of Boyd Biloxi which used an artificial and/or pre-recorded voice message or was placed by an automatic telephone dialing system.

5. <u>Class Action Requirements</u>. For purposes of implementing the Settlement only, the Court preliminarily finds that the requirements of Rule 23(a)(1)-(4) have been adequately met.

6. <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, the Plaintiff Jason Bennett  adequately satisfies the requirement of typicality and adequately represents the interests of the Settlement Class Members. The Court hereby appoints

Plaintiff Jason Bennett as Class Representative of the Settlement Class.

       7.        <u>Appointment of Class Counsel</u>.  Having considered the factors set forth

in Rule 23(g)(l) of the Federal Rules of Civil Procedure, and having found Plaintiff's

counsel, Earl Underwood, Ken Riemer and John Cox to be adequate, the Court hereby

appoints them as Class Counsel to represent the Settlement Class.

**B.      The Final Approval Hearing**

       1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court

will hold a Final Approval Hearing 28 days from the objection date on [_____] 2016

at [_____] a.m., for the purposes of:

          (a)      Determining whether the Settlement Class meets all applicable

requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should

be certified as a class action for purposes of effectuating the Settlement;

          (b)      Determining whether the Settlement on the terms and conditions set

forth in the Settlement Agreement, is fair, just, reasonable, and adequate to the Settlement

Class and should be approved by the Court;

          (c)      Considering the application of Class Counsel for an award of

attorneys' fees and reimbursement of expenses, as provided for in the Settlement

Agreement;

          (d)      Considering the application of the Class Representative for a

service award, as provided for in the Settlement Agreement;

          (e)      Reviewing objections, if any, regarding the Settlement Agreement;

(f)      Determining the validity of Requests for Exclusion, if any, and excluding from the Settlement Class those Persons who validly and timely requested exclusion;

(g)      Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement and dismiss the Action with prejudice; Ruling upon such other matters as the Court may deem necessary and appropriate.

2.      No later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may, but is not required to, file papers in support of final approval of the Settlement, so long as it does so no later than [SAME DATE].

3.      <u>Appearance at Final Approval Hearing</u>.  Attendance at the Final Approval Hearing is not necessary; however, any Persons wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representatives, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than [DATE], which is the Opt-Out Deadline and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

4.      <u>Objection and Opt-Out Deadline</u>.  Settlement Class Members who wish to either object to the Settlement or opt out by submitting a Request for Exclusion must do so by the Objection Deadline and the Opt-Out Deadline of [DATE], both of which are

forty five (45) days after the Settlement Notice Date. Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will control.

**C.**          **Objections to Settlement.**

1.          Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses, or service award to Class Representative, must do so on or before the Objection Deadline. In order to object, the Settlement Class Member must file a written objection with the Court on or before the Objection Deadline and serve it via mail on Class Counsel and Counsel for Defendant and include: (a) the name, address, telephone number, and email address of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; and (b) proof that the Settlement Class Member received a telephone call with a pre-recorded message or utilizing an automatic telephone dialing system during the Class Period from Defendant.  An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.  If the Settlement Class Member, with or without counsel, intends to appear at the Final Approval Hearing, he/she must also file a Notice of Appearance with the Court.

2.          Any Settlement Class Member who fails to file and submit and serve timely a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to this Section, as detailed in the Notice, shall not be permitted to object to the

approval of the Settlement at the Final Approval Hearing and shall be foreclosed from

seeking any review of the Settlement or the terms of the Settlement Agreement by appeal

or other means. Such papers must be filed electronically with the Court or filed by

delivery to:

Clerk of the Court
U.S. District Court
Southern District of Alabama
113 Saint Joseph Street
Mobile, Alabama 36602

Such papers must also be served by mail on Class Counsel and Counsel for Boyd
Biloxi listed below:

**Class Counsel:**                          **Counsel for Boyd Biloxi:**

Earl P. Underwood, Jr.                      Matthew C. McDonald
Underwood & Riemer, PC                      Jones Walker LLP
21 South Section St.                        11 North Water Street, Ste. 1200
Fairhope, Alabama 36532                     Mobile, Alabama 36602

or

Kenneth J. Riemer
Underwood & Riemer, PC
21 South Section St.
Fairhope, Alabama 36532

or

John R. Cox, Esq.
9786-A Timber Circle
Spanish Fort, Alabama 36527

    3.    The Parties will have the same right to seek discovery from any

objecting Settlement Class Member as they would if the objector was a party in

the Action, including the right to take the objector's deposition. Such discovery will be

conducted on an expedited basis, and the objecting Settlement Class Member is required to respond and must appear for deposition within 14 days, if a deposition is noticed. Settlement Class Members who fail to timely file and serve written Objections, or fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

Response to Objections.  Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Final Approval Hearing.

**D.      Procedure for Requesting Exclusion from the Settlement Class**

1.      Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. To submit a Request for Exclusion, a Settlement Class Member must follow the direction in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice postmarked on or before the Opt-Out Deadline. In the Request for Exclusion, a Class Member must submit their residential or cellular telephone number(s) on which he or she received a call with a prerecorded message from the Defendant during the Class Period, and a telephone number at which he or she currently can be reached, and that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all the information described above is included. Requests for Exclusion purportedly filed on behalf of multiple persons or classes of persons are

prohibited and will be deemed to be void.

2.      If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person, who will have no rights under the Settlement Agreement.

3.      Any Settlement Class Member who does not send a completed, signed Request for Exclusion to the Claims Administrator post-marked on or before the Opt-Out Deadline will be deemed to be a member of the Settlement Class for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement Agreement, if finally approved by the Court.

**E.      The Court Approves the Form and Method of Class Notices**

1.      <u>Claims Administrator</u>.  Pursuant to the Settlement Agreement, American Legal Claim Services, LLC, is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

2.      <u>Class Notices</u>.  The Court approves, as to form and content, the proposed Class Notices, which are Exhibits A and B respectively, to the Settlement Agreement. The Court finds that the Class Notice is reasonably calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, request exclusion from the Settlement Class, or participate in the class action or Settlement.

3.  <u>Distribution of Class Notices</u>. The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement and Exhibits A and B thereto, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

4.  The Court directs the Claims Administrator to establish a Settlement website, making available copies of this Order, the Class Notice, the Claim Form, the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claim Forms, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

(a)  The Claims Administrator is ordered to cause the Class Settlement Notice to be disseminated to potential Settlement Class Members no later than [DATE], which is thirty (30) days from the date of this Order.

(b)  The Claims Administrator shall file with the Court proof of compliance with the Class Notice plan, proof that Notice was provided in accordance with the Agreement and this Order, as well as proof that notice was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than fourteen (14) days prior to the Final Approval Hearing.

**F.      Miscellaneous Provisions**

1.      <u>Stay</u>.  Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement and any objections thereto, the motion for attorneys' fees and expenses, and the motion for payments to the Class Representative is stayed.

2.      <u>Termination of Settlement</u>.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

3.      <u>Use of Order</u>.  This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against any of the Released Parties of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense that he, she, or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Parties, Plaintiff, or the Class.

4.      <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, changes to the form or content of the Notice and Claim Form and other exhibits that they jointly

agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

5.      The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

6.      <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

IT IS SO ORDERED.

Dated: _____, 2015      _____
                                    WILLIAM H. STEELE
                                    United States Chief District Judge