IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON BENNETT, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0330-WS-M |
| | ) |
| BOYD BILOXI, LLC, etc., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court a third time on the plaintiff's motion for preliminary approval of class action settlement agreement. (Doc. 79). In its first order addressing this motion, the Court ruled that the plaintiff had made an inadequate showing that the requirements of Rule 23(a) and 23(b)(3) were satisfied so as to permit a settlement class to be certified. (Doc. 86). As a consequence, the Court ordered additional briefing, which the parties provided.

In its second order, based on the parties' improved showing, the Court conditionally certified the proposed class. (Doc. 91 at 7). The Court then turned to the other relief sought by the motion: (1) preliminary approval of the proposed settlement; (2) approval of notice to the settlement class; (3) appointment of a class representative and class counsel; and (4) establishment of dates for opt-outs, objections and a final fairness hearing. (Doc. 89 at 2). The Court granted the third requested relief and appointed class counsel and a class representative. (Doc. 91 at 12-13). The Court found itself unprepared to grant the other requested relief and, after detailing many of its concerns, ordered the parties to file additional briefing. (*Id*. at 7-17). The Court also pointed out that, even though the settlement agreement contemplates the Court's approval of the claim form and approval of the claims administrator, (Doc. 79-1 at 4-5), the plaintiff had not moved the Court

for such relief; the Court ordered the plaintiff to do so and for the parties to fully brief these issues. (Doc. 91 at 14, 16). The parties have complied with these directives. (Docs. 92, 93, 96).

**I. Class Notice.**

By amending the proposed notice, the settlement agreement and the proposed order, and by making certain representations in their briefs, the parties have dispelled most of the Court's concerns. The Court addresses below its few – but important – lingering reservations.

First, the notice (like the claim form and other documents) continues to state that claim forms must be postmarked no later than 45 days after the "Settlement Notice Date," (Doc. 96-5 at 3, 8), which means that class members must submit claims long before the Court holds a fairness hearing or finally approves the proposed settlement. The Court expressed skepticism about this deadline, (Doc. 91 at 11 n.9), which the parties have not addressed or alleviated. The Court concludes that imposing such an early deadline raises an unnecessary risk of discouraging class members from submitting claims, since they would have to submit their claims while knowing there might be no settlement approval and thus no recovery despite their submission. The parties have persuaded the Court that no second, post-fairness hearing notice is needed in order to satisfy due process when the first notice apprises class members, with adequate precision, of the opening and closing dates for submitting claims. However, on fairness grounds the Court will not approve a scheme closing this window before the fairness hearing. Instead, the Court will require that the claims period remain open until 28 days after the hearing.[1]

---

[1] This timing also permits class members to object and still, if the settlement nevertheless is approved, choose to participate in the class award.

Second, while the parties have softened the language in the settlement agreement and proposed order regarding discovery of objectors,[2] they have retained language requiring an objector to appear for deposition on fourteen days' notice and to respond to written discovery on an expedited basis. As discussed in Part II, the fairness hearing will be conducted 35 days after the last possible date for submitting a timely objection, so this rush appears unnecessary.[3] Therefore, the Court will not approve a provision providing an objector fewer than 21 days to respond to written discovery or to appear for a deposition. Nor will the Court approve any expedited discovery except to the extent necessary to provide responses or testimony fourteen days prior to the fairness hearing. Nor will the Court, absent extenuating circumstances, approve any deposition that requires an objector to travel more than 50 miles from his or her residence.

Third, the Court observes that the notice requires any objector that wishes to speak at the fairness hearing to: (1) include in his or her objection the "telephone number that received the text message"; and (2) mail his or her objection to class counsel and defense counsel. (Doc. 96-5 at 11). The parties elsewhere have eliminated both these requirements, (Doc. 96 at 11), so their appearance here is presumably accidental; in any event, they must be removed.

## II. Establishment of Dates.

The parties have tied several deadlines to the date (or dates) notices are mailed, and they have used time periods that include fractions of weeks (such as 30 and 45 days). The Court concludes that these practices introduce unnecessary

---

[2] The Court withdraws its suggestion that the notice describe the parameters of objectors' discovery obligations, (Doc. 91 at 11-12), in part from concern this might unnecessarily discourage class members from voicing objections.

[3] The parties represent they have correct addresses for 99% of the class, (Doc. 96 at 3), so almost all objections should be received long before the fairness hearing. The Court is willing to consider exceptions for class members who receive late notice and therefore file late objections.

complications and uncertainties. Therefore, the Court will approve the following deadlines, all running from the day the order preliminarily approving class action settlement is signed, with the precise calendar date for each to be set forth in such order:

- Mailing of notice: order + 28 days (four weeks)
- Postmarking of objections and requests for exclusion: order + 70 days (ten weeks)[4]
- Fairness hearing: order + 105 days (fifteen weeks)[5]
- Postmarking of claims: order + 133 days (nineteen weeks)

The Court is satisfied with the deadlines proposed for receiving reports from the administrator and for filing requests for attorney's fees, expenses and class representative award. (Doc. 96 at 12, 18-19).

## III. Claim Form.

The Court understands the current proposed version to be that attached to the defendant's response to the plaintiff's motion to approve the claim form. (Doc. 93 at 6-7). This version resolves the only concern previously expressed by the Court, (Doc. 91 at 14 n.16), while introducing no troubling new aspect.

---

[4] The Court rejects the parties' suggestion that the administrator determine these "date[s] certain" after the preliminary order is entered. (Doc. 96 at 18). The Court telegraphed its intentions in this regard in its previous order. (Doc. 91 at 13). Class members who do not receive the first mailing will be given 42 days from the second mailing in which to object or seek exclusion, which dates certain the administrator can calculate and insert in the notice at the time of the second mailing.

[5] The parties proposed holding the fairness hearing 28 days after the objection deadline. (Doc. 79-1 at 48). In part due to the parties' insistence on discovery of objectors, the Court concludes that 35 days is a more reasonable period. The precise date may have to be tweaked, based on the Court's schedule, once the proposed order is finalized.

Accordingly, the plaintiff's motion to approve proposed claim form, (Doc. 92), is **granted**, and the claim form (as presented by the defendant) is **approved**.[6]

### IV. Claims Administrator.

Upon review of the materials submitted by the plaintiff, (Docs. 92-1, 92-2), his motion to approve settlement administrator, (Doc. 92), is **granted**. American Legal Claim Services, LLC is **appointed** as claims administrator.

### V. Other.

In its previous order, the Court suggested that a form request of exclusion might be necessary in order to minimize the risk class members unwittingly fail to include all information required of a valid exclusion request. (Doc. 91 at 14-15). The parties have now submitted a proposed form request for exclusion, (Doc. 96-6), but the Court finds the parties' treatment problematic. First, the form requires the signatory to declare that he or she "[is] a member of the Class" and that he or she received a call with a pre-recorded message from the defendant, within the class period and "on the phone number(s) provided above," even though: (1) there is no place on the form to list such numbers; and (2) the notice does not require such statements. (Doc. 96-5 at 9). The Court finds no reason to require such statements,[7] and it therefore will not approve the form until they are deleted. Second, the form requires the provision of a "contact telephone number," while the notice requires "contact telephone number (residential and cell)." (Doc. 96-5 at 9). The Court is indifferent as to which version is used, but there should be consistent treatment of the issue.

---

[6] Of course, the deadline for postmarking claim forms will not be "45 days from certification of Notice mailing," as the form states, but the deadline described in Part II.

[7] If a person who is not a member of the class submits an exclusion form, there is no harm, since the person is already excluded by the class definition.

In its previous order, the Court notified the parties it would not approve language in the settlement agreement and proposed order purporting to reserve to the parties the ability unilaterally to modify terms of the agreement, claim form, notice and other documents without judicial approval or notice to the class. (Doc. 91 at 16). The parties have satisfactorily amended the settlement agreement, but their amendment to the proposed order employs arguably broader language. The Court will approve an order employing the language of the settlement agreement but not that of the proposed order as presently drafted.

As noted, a defined settlement class has been conditionally certified. The parties now identify 77 class members whom they believe should be "automatically excluded" from the class, on the grounds that some are "on state exclusion lists maintained by" various state gaming authorities and that the rest are *persona non grata* on the defendant's properties. (Doc. 96 at 14-15). Oddly, the parties do not request that the class definition be modified so as to accomplish this exclusion, and they identify no authority empowering the Court to exclude particular class members from the class simply by saying they are excluded. More fundamentally, however, the parties have not demonstrated that these individuals should be excluded from the class.

The parties assert that "contact with anyone listed on the state exclusion list is prohibited," (Doc. 96 at 14), but the effect of such a listing appears to depend on the law of each particular state, which the parties have not identified or discussed. For example, the New Jersey Casino Control Commission, in an online explanation, describes its exclusion list as "a list of persons who are to be excluded or ejected from any licensed casino in New Jersey, such as career or professional offenders, cheats or criminal offenders." There is nothing in this description that suggests these individuals cannot be contacted, much less that they cannot be contacted by a claims administrator (as opposed to, say, by a casino). As to the individuals no longer welcome on the defendant's property, the parties do not even suggest that contact with such persons is prohibited.

The parties' real concern appears to be that, if these 77 individuals receive class awards, they will be motivated to visit the defendant's properties. This may be so, but it hardly seems a basis for excluding them from the class. The class awards (gift cards) are "fully transferable," (Doc. 96-5 at 8), so they are of value to the class members even if they can only be utilized by a third party. The parties are free to propose special language in the notices sent to these individuals advising them that they cannot personally redeem the gift cards, but the Court will not exclude them from the class – especially after the parties have insisted that individual lawsuits by such persons would carry "negative value," such that exclusion is equivalent to elimination of any hope of recovery.

Upon review of the proposed order (a complete re-write of the original proposal), the Court detects two unacceptable provisions. First, the proposed order requires that objections to "a request for attorney's fees and expenses, or service award to Class Representative," must be made (under the Court's tweaked schedule) five weeks before the fairness hearing. (Doc. 96-9 at 14; *accord id.* at 18).[8] Such requests, however, need not be filed until two weeks before the hearing. (*Id.* at 17). The Court will not require class members to object to requests before the requests are filed and their content and basis made known. Accordingly, the Court will permit any non-excluded class member to object to such requests orally at the fairness hearing and/or in writing at any time up to fourteen days after the hearing.[9] The notice, as well as the proposed order, must be revised to reflect this timetable.

Second, the proposed order contemplates that the order "shall become null and void … if the settlement is terminated in accordance with" the settlement agreement. (Doc. 96-9 at 19). The Court does not permit its orders to be nullified

---

[8] The proposed notice contains no corresponding language extending the objection deadline to these matters.

[9] The Court anticipates that a ruling on whether to finally approve the settlement can precede a ruling concerning these ancillary awards.

7

without a subsequent order accomplishing such nullification.  The parties may of course move for such an order under such circumstances as their settlement agreement may provide.

### VI. Conclusion.

For the reasons set forth above, the plaintiff's motion to approve settlement administrator and revised proposed claim form, (Doc. 92), is **granted**.  The parties are **ordered** to file, on or before **July 22, 2016**, a notice of filing that includes amended proposed documents incorporating the modifications required by this order.  The amended proposed documents shall employ highlighting, redlining and/or other clear notations of alterations made to the current versions.[10]

DONE and ORDERED this 8th day of July, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] The parties are further **ordered** to comply with the District's requirements for submitting a Word version of proposed orders to chambers via e-mail.  The plaintiff was ordered to do so with respect to the current version of his proposed order, (Doc. 91 at 17 n.20), but failed to comply with this directive.