**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JASON BENNETT, on behalf of himself and all others similarly situated,<br><br>          P,<br><br>v.<br><br>BOYD BILOXI, LLC d/b/a IP Casino Resort Spa,<br><br>          Defendant**.** | Civil Action No. 14-00330-WS-M |

<u>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**</u>

<u>**AND GRANTING OTHER RELATED RELIEF**</u>

This matter is before the Court on the Plaintiff's motion for preliminary approval of class action settlement.  (Doc. 79).  The Parties have filed briefs and supplemental materials in support of the motion, (Docs. 80, 85, 89, 90, 96, 99), and the motion is ripe for resolution.  After careful consideration, the Court concludes that the motion is due to be granted.

     **NOW, THEREFORE, IT IS HEREBY ORDERED:**

**A.     The Settlement Class.**

     1.     <u>Settlement Terms</u>.  Unless otherwise defined herein, all capitalized terms in this order shall have the meanings ascribed to them in the Amended Settlement Agreement.  (Doc.99-1).

     2.     <u>Jurisdiction</u>.  The Court has jurisdiction over the Parties, the subject matter

of the dispute, and all Settlement Class Members.

3.   <u>Preliminary Findings</u>.   The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Amended Settlement Agreement.   As explained in its the order dated May 11, 2016, (Doc. 91), the Court was prepared to preliminarily approve the settlement as fair, reasonable and adequate based on the filings submitted at that point, but the Court delayed issuing a ruling to that effect due to issues expressed in that order.   The Court now finds that the Parties' supplemental submissions satisfactorily address those issues. Therefore, for the reasons set out previously, (*id*. at  7-8),  the Court hereby finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Amended Settlement Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms of the Amended Settlement Agreement to Settlement Class Members for their consideration and reaction is warranted. The motion for preliminary approval of the proposed settlement is **granted**.

4.   <u>Conditional Certification of Settlement Class</u>.   The Plaintiff's motion also seeks conditional certification of a proposed settlement class, which relief the Court in its previous order has granted.  (Doc. 91 at 2-7).  As set out in that order, (*id*. at 7), pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court has conditionally certified this action as a class action on behalf of the following Settlement Class:

> All persons who, since October 16, 2013 through May 11, 2016, received a telephone call to a residential or cellular telephone number initiated by, on behalf of or at the direction of Boyd Biloxi which used an artificial and/or pre-recorded voice message or was placed by an automatic telephone dialing system.

5.   <u>Exclusions From Class</u>.  The Parties previously requested exclusion of 77 putative class members, including those who are listed on state exclusion lists and those whom the Defendant has prohibited from entering its properties. (Doc. 96 at 14-15). The Court denied such relief, (Doc. 98 at 6-7), and the Parties now move for reconsideration of that ruling.  (Doc. 99 at 6).  The Parties explain that, of those 77 individuals, 52 are on self-exclusion lists maintained by state gaming commissions or boards. The inclusion of these 52 individuals is a result of voluntary actions on their part expressing their desire not to be contacted by any gaming entity.   The Court finds that this is good cause to exclude these 52 individuals from the class.  Accordingly, the motion to reconsider is **granted**. The approved class definition shall include the following exclusion:

> Excluded from the class are those persons who have voluntarily self-excluded themselves through a state gaming commission or board filing that acts to prohibit any state gaming licensee from sending direct-marketing or other promotional materials or similar communications to such persons or to prohibit such persons from admission into the premises of the licensee's facility.

With respect to the remaining 25 individuals, the Court concurs with the Parties, (Doc. 99 at 9), that these individuals should remain in the class.  Their motion to approve special cover letter and special class notice to these individuals, (*id*.), which advises that they remain prohibited from entering the

Defendant's property but are free to sell or transfer the settlement benefits as they like, (Doc. 99-5 at 5; Doc. 99-6), is **granted**.

6.     <u>Class Action Requirements</u>.  For purposes of implementing the Settlement only, and for the reasons set out in its previous order, (Doc. 91 at 2-7), the Court preliminarily finds that the requirements of Rule 23(a)(1)-(4) have been adequately met.

7.     <u>Appointment of Class Counsel and Class Representative</u>.  By previous order, the Court has found that Earl Underwood, Kenneth J. Riemer and John Cox are adequate class counsel and has appointed them as such as to the settlement class.   (Doc. 91 at 12). By previous order, the Court has found that Jason Bennett satisfies the requirements of typicality and adequacy of representation and has appointed him as class representative of the settlement class.  (*Id*. at 12-13).

**B.     Form and Method of Class Notices.**

1.     <u>Claims Administrator</u>.  The Amended Settlement Agreement designates American Legal Claim Services, LLC, ("ALCS") as Claims Administrator.  Upon review of the Plaintiff's motion to approve ALCS as Claims Administrator and the supporting submissions, (Docs. 92, 92-1, 92-2), the Court has previously found that ALCS is qualified to serve as Claims Administrator and is adequately prepared to administer the settlement and provide effective service of the class notice in accordance with the requirements of Rule 23(e), due process and the Amended Settlement Agreement. The Court therefore has previously granted the Plaintiff's motion and has appointed ALCS as Claims Administrator.  (Doc. 98 at 5).  ALCS shall be required to perform all the duties of the Claims Administrator as set forth in the Amended Settlement Agreement and this

Order.

2.    <u>Class Notices</u>.   The Plaintiff's motion also seeks approval of a proposed Class Notice, which motion is now directed towards the version of the proposed notice attached as Exhibit C to the Amended Settlement Agreement. (Doc. 99-1 at 40-47).   The Court finds that the Class Notice is reasonably calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, request exclusion from the Settlement Class, or participate in the Settlement. Accordingly, the motion for approval is **granted**, and the proposed Class Notice is **approved**.

3.    <u>Proposed Method of Distribution of Class Notices</u>. The Court finds that the information maintained by the Defendant regarding class members constitutes a reasonably reliable source of addresses such that the distribution of the Class Notice using that data source and in substantially the manner and form set forth in the Amended Settlement Agreement and Exhibit C thereto, meets the requirements of Federal Rule of Civil Procedure 23 and due process.  The Court finds that this method of notice is the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons entitled thereto.

4.    <u>Distribution of Class Notice.</u> To effectuate adequate notice as required in this order the Amended Settlement Agreement, the Court hereby directs the Claims Administrator as follows:

(a)    The Claims Administrator shall establish a Settlement website.  The Administrator shall make available on the website copies of this order, the Class Notice,

the Claim Form, Request for Exclusion, the Amended Settlement Agreement and all Exhibits thereto, instructions on how to submit Claim Forms, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Class Members or required under the Amended Settlement Agreement.  Said website shall be fully functional and compliant with these requirements on or before the Settlement Notice Date (defined in the Amended Settlement Agreement as the date the Notice is mailed);

(b)     The Claims Administrator is directed to cause the Class Settlement Notice to be disseminated by regular U.S. mail, postage paid, to all potential Settlement Class Members no later than **August 23, 2016**.  The Claims Administrator shall insert into the Notice and on the Settlement website the date certain for the deadline for submission of Objections and Requests for Exclusions, which shall be **October 4, 2016** (or, for re-mailed notices, at least 42 days after re-mailing).  The Claims Administrator shall also insert into the Notice and on the Settlement website the date certain for the deadline for submission of Claim Forms, which shall be **December 6, 2016**.  The Claims Administrator shall also insert the deadline of **November 21, 2016** for objecting to the fee request or proposed Class Representative award. The Class Notice to be mailed to each Class Member includes a Claim Form.  (Doc. 99-1 at 15, 36-38).  The Claim Form (which the Court has previously approved, (Doc. 98 at 4-5)), includes blanks for all telephone numbers associated with each Class Member, which the Claims Administrator is required to insert separately as to each Class Member before sending the Class Notice

6

and Claim Form to such Class Member.  (Doc. 92 at 2; Doc. 99-1 at 37).  To the extent that Class Members may also obtain and use Claim Forms from the Settlement website that do not contain such pre-inserted numbers, the Claims Administrator is not permitted to reject such a Claim Form for lack of such numbers or for the consequent inability of the Class Member to certify that he or she received a call "to at least one of the phone number(s) listed above."  (*Id*.).

(c)   Initial Report and Certification of Mailing.  Within five (5) days of mailing the Class Settlement Notice, the Claims Administrator shall file with the Court a report certifying that the Notice was mailed in accordance with this Order the Amended Settlement Agreement and shall state the date of mailing.  The Administrator shall also certify that notice was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715.

(d)   Second Report of Status of Mailing. Within thirty (30) days after the Settlement Notice Date, the Administrator shall file a report to the Court stating the number of returned Notices and describing the efforts made to re-mail the returned Notices and the results of those efforts.

(e)   Report of Response to Notice.  No later than fourteen (14) days prior to the Fairness Hearing, the Administrator will submit a report listing:

-The number or returned Notices that were not delivered after the re-mailing and the actions taken to attempt delivery;

-The number of Exclusion Requests received;

-The number of timely and properly completed Claims Forms received; and

7

-Any other facts regarding the mailing of Notice and responses thereto material to the reasonableness of the mailing.

**C.**     **Objections to Settlement.**

1.     <u>Objection Procedure</u>.  Any Settlement Class Member (other than one to whom a re-mailed Class Notice is sent) who intends to object to any aspect of the Settlement must do so on or before **October 4, 2016**.  In order to object, the Settlement Class Member must file a written objection with the Court on or before the Objection Deadline and include: (a) the name, address, phone number of the Settlement Class Member objecting and, if represented by counsel, the identity of his/her counsel.  An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

2.     Any Settlement Class Member who fails to timely file a written objection shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the ed Settlement Agreement by appeal or other means.  Objections may be filed electronically with the Court or filed by delivery to:

Clerk of the Court
U.S. District Court
Southern District of Alabama
113 Saint Joseph Street
Mobile, Alabama  36602

3.     <u>Discovery</u>.  The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was

a party in the Action, including the right to take the objector's deposition.  Expedited discovery shall be allowed only upon leave of Court and on good cause shown; nor shall any objector be required to appear for a deposition on less than 21 days notice or travel more than 50 miles for any deposition except upon leave of Court and upon demonstration of good cause and extenuating circumstances.

       4.      <u>Response to Objections</u>.  Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Final Approval Hearing.

**D.     Procedure for Requesting Exclusion from the Settlement Class.**

       1.      Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. To submit a Request for Exclusion, a Settlement Class Member must follow the direction in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice postmarked on or before **October 4, 2016** (or within the time provided in Section B.4(b)).  In the Request for Exclusion, a Class Member must submit their name, current address and telephone number; and a statement that he or she wishes to be excluded from the Settlement.  Any timely written request that meets these requirements shall be accepted.  The Claims Administrator shall make available a downloadable form Request for Exclusion, in the form represented by the proposed Request for Exclusion Form submitted by the parties, (Doc. 99-7), on the Settlement website www.BennettTCPACase.net, and shall provide said form upon a class member's request. No Request for Exclusion will be valid unless substantially all the information described

above is included.  Requests for Exclusion purportedly filed on behalf of multiple persons or classes of persons are prohibited and will be deemed to be void.

2.      If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member and the Agreement and any determinations and judgments concerning it will not bind the excluded person, who will have no rights under the Amended Settlement Agreement.

3.      Any Settlement Class Member who does not send a completed, signed Request for Exclusion to the Claims Administrator post-marked on or before October 4, 2016 will be deemed to be a member of the Settlement Class for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Amended Settlement Agreement, if finally approved by the Court.

**E.      Application for Approval of Attorneys' Fees, Class Representative Service Award and Costs.**

Plaintiff shall file any request for approval/award of attorney fees, Class Representative service award and reimbursement of expenses, and all supporting material, no later than fourteen (14) days prior to the Final Approval Hearing.  Any objection to any request for approval/award of attorney fees, Class Representative service award and reimbursement of expenses may be made orally at the Final Approval Hearing, and/or in writing submitted no later than **November 21, 2016**.

**F.      The Final Approval Hearing**

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing in Courtroom 2-A on **November 7, 2016** at **9:30**

**a.m.** for the purposes of:

(a)      Determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

(b)      Determining whether the Settlement on the terms and conditions set forth in the Amended Settlement Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

(c)      Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Amended Settlement Agreement;

(d)      Considering the application of the Class Representative for a service award, as provided for in the Amended Settlement Agreement;

(e)      Reviewing objections, if any, regarding the proposed Settlement;

(f)      Determining the validity of Requests for Exclusion, if any, and excluding from the Settlement Class those Persons who validly and timely requested exclusion;

(g)      Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement and dismiss the Action with prejudice;

(h)      Ruling upon such other matters as the Court may deem necessary and appropriate.

2.      No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiff must file papers in support of final approval of the Settlement (including a proposed order approving class action settlement) and respond to any written objections.

Defendant may, but is not required to, file papers in support of final approval of the Settlement, so long as it does so no later than fourteen (14) days prior to the Final Approval Hearing.

       3.     <u>Appearance at Final Approval Hearing</u>.  Attendance at the Final Approval Hearing is not necessary; however, any Persons wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representatives, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Opt-Out Deadline and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

       4.     <u>Objection and Opt-Out Deadline</u>.  Settlement Class Members who wish to either object to the Settlement or opt out by submitting a Request for Exclusion must do so by postmarking such objection or Request for Exclusion on or before **October 4, 2016** or as provided in Section B.4(b).  Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will control.

**G.     Miscellaneous Provisions**

       1.     <u>Use of Order</u>.  This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against any of the Released Parties of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense that he, she, or it may have in the event

the Amended Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Parties, Plaintiff or the Class.

2.    <u>Reasonable Procedures to Effectuate the Settlement</u>.   Other than non-substantive changes such as formatting, font and typographical errors, the Parties will not amend, modify or alter the Amended Settlement Agreement or the implementing documents without prior approval of the Court .

3.    The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


DONE and ORDERED this 26th day of July, 2016.

                        s/WILLIAM H. STEELE
                        CHIEF UNITED STATES DISTRICT JUDGE