**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JASON BENNETT, on  behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>BOYD BILOXI, LLC d/b/a IP Casino Resort and Spa,<br><br>          Defendant**.** | Civil Action No. 14-00330-WS-M |

## ORDER APPROVING CLASS ACTION SETTLEMENT

The Court having held a Final Approval Hearing on November 7, 2016, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1.     This Order incorporates by reference the definitions in the Amended Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Amended Settlement Agreement unless set forth differently in this Order. The terms of this Court's Preliminary Approval Order (Doc. 100) are also incorporated by reference in this Order.

2.     On July 16, 2014 Plaintiff Jason Bennett filed a class action lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227

("TCPA"). On October 7, 2014, Plaintiff filed a First Amended Complaint against Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa ("Boyd Biloxi") alleging that calls it made offering Plaintiff and his putative class free tickets to concerts or other special promotions violated the TCPA, as the call recipients had not given prior express written consent to Defendant to make such calls.

3. **Class Conditionally Certified.** The Settlement Class was conditionally certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons who, since October 16, 2013 through May 11, 2016, received a telephone call to a residential or cellular telephone number initiated by, on behalf of or at the direction of Boyd Biloxi which used an artificial and/or pre-recorded voice message or was placed by an automatic telephone dialing system.

(Doc. 100). As stated below, the Court grants final certification of the Settlement Class.

4. **Pre-Notice Exclusions and Special Class Members**. In its Preliminary Approval Order, the Court determined that 52 of the putative Class Members should be excluded from the class based on their appearance on self-exclusion lists maintained by state gaming regulatory boards. Also, the Court granted the parties' request to include 35 individuals who were identified as persons no longer allowed on Defendant's premises.[1] The Court ordered that the special notice proposed by the parties be sent to those 35 members. Based on the information provided to the Court regarding the mailing of the notice, the Court finds that special notice has been delivered consistent with its previous

---

[1] Defendant initially identified 25 individuals no longer permitted on the premises but later requested to add an additional 10 and that request was granted. (See Doc.s 101 & 102)

2

order.  The Court further finds the 52 excluded members shall be excluded from the class addressed in this Final Approval Order.

5.      **Jurisdiction.** The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members, including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action with prejudice**.**

6.      **Final Certification of Settlement Class Pursuant to Rule 23.**  For the reasons set out in its Preliminary Approval Order, the Court finds that, for purposes of approving and effectuating the Settlement embodied in the Amended Settlement Agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met. Therefore, the Court hereby grants final certification of the class described herein.

7.      **Delivery of Notice**.  Notice was mailed to a total of 68,300 class members.   The Claims Administrator reports that, upon exhaustion of the its re-mailing procedures, as of November 3, 2016, 585 re-mailed notices were returned as undeliverable.  This renders a presumed delivery rate to the class of 99.1%.  The Claims Administrator is directed to maintain a list identifying the class members to whom notice was returned as undeliverable and provide that list to counsel.

The Claims Administrator also established, on August 18, 2016, a stand-alone website to provide notice of the Settlement, located at www.bennettcpacase.net and established a toll-free call center on August 22, 2016.

The Court finds that Class Notice was delivered in the manner required as set out in the Preliminary Approval Order.  The Court further finds that delivery and attempted delivery of returned notices have been executed as required. Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the Class Notice provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. The Class Notice and related Class Notice plan was designed to provide notice in the manner most likely to be received and read by Settlement Class Members. The Claims Administrator, through Defendant, has filed with the Court proof of compliance with the Class Notice plan in accordance with this Court's Preliminary Approval Order. The Settlement Class received valid, due, and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.[2] The Court hereby finds and concludes that the Class Notice provided by the Claims Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.  **Requests for Exclusion**.  The deadline for submission of exclusion requests was October 4, 2016.  Of the 68,300 notices mailed, only 33 class members submitted requests for exclusions.  The Court finds that these individuals are properly excluded and Court hereby Orders that each of those individuals is

---

[2] The Court makes no determination as to whether due process requirements have been met with respect to the individuals whose notices were returned  as undeliverable.  *See, e.g., Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) ("Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate.").  The parties did not provide for notice by publication. Nevertheless, as to all other class members, the Court is satisfied that the method of class notice delivery and re-mailing is reasonable and meets the requirements of Rule 23.

excluded from the Settlement Class. The excluded individuals as identified in Exhibit A of the settlement administrator's Fourth Report (Doc. 115).  Those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits. Those individuals will not be bound by this Order, any final judgment or the releases herein.

9.      **Claims for Class Benefits.**   The deadline for filing claims is December 6th.   The Court has been informed that as of November 3, 2016, 9,513 claims forms have been received, or 13.94 % of the class.  The Court was further informed that a number of these forms were determined to be improperly completed and that the administrator is contacting these class members in an attempt to have the defects corrected.  The corrective measures described by the Administrator are reasonable and the Court directs the Administrator to carry on those measures throughout the claims period.

10.      **Class Representative.**   Plaintiff Jason Bennett was appointed Class Representative in this Court's Order Preliminarily Approving Class Action Settlement and has fairly and adequately represented the Settlement Class throughout the proceedings and is hereby finally confirmed and appointed as Class Representative.  Mr. Bennett, through counsel, has submitted a request for a class representative award, to be paid by the Defendant and separate from the class benefits as provided in the Amended Settlement Agreement.  (Doc. 111). The Court will issue a separate ruling on that request.

11.      **Class Counsel.**  Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately

represented the Settlement Class throughout the proceedings and for purposes of entering into and implementing the Settlement, and thus hereby reiterates the appointment of Class Counsel as Class Counsel to represent the Settlement Class.  Plaintiff has submitted a request for an attorneys fee award and reimbursement of litigation costs, to be paid separate from the class benefits and by the Defendant as provided in the Amended Settlement Agreement.  (Doc. 111).  The Court will issue a separate ruling on that request.

12.   **Objections**.  The Court has received only two responses from class members, both *pro se*, which express any negative reaction to the notice.  (Letter from Steve and Judy Streeter ("Streeter Letter") (Doc. 105); and Letter from William Kirschner ("Kirschner Letter") (Doc. 106)).  Neither of these letters addresses, much less criticizes, any specific term of the settlement.  Both are brief and contain generalized commentary, devoid of any specific objection or reason for why the settlement should not be approved.  Rule 23 secures a class member's right to "object to the [settlement] *proposal*."   F.R.Civ.Pro. 23(e)(5)(emphasis added).  Therefore, class members have standing only to object to the terms of the settlement.  Commentary which does not address the fairness of the settlement is not a proper objection.  *Ragsdale v. Turnock*, 941 F.2d 501, 505 (7th Cir. 1991).  The Court finds that that Streeter and Kirschner letters fail to properly object to any specific aspect of the proposed settlement. In any event, to the extent those

letters may constitute cognizable objections to the settlement, the Court finds that none of them is well founded and each is OVERRULED in its entirety.

13.     **Final Approval of Class Settlement.** Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Agreement are the product of lengthy, arm's-length negotiations. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice. The Court hereby finally approves the Agreement, the exhibits, and the Settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions. Payments to the Class Representative and attorneys' fees awarded shall be paid by Defendant within thirty (30) days after the Effective Date, in accordance with the Amended Settlement Agreement.

14.     **Class Members Bound and Claims Released.**   All Settlement Class Members who have not been excluded above are bound by this Order, the accompanying Final Judgment, and by the terms and provisions of the Amended Settlement Agreement incorporated herein.

The Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided in the Amended Settlement Agreement. In addition, any rights of the Class Representative and each and every one of the Settlement Class

Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

15.     **Dismissal**.  The Court hereby dismisses the Action, as defined in the Agreement, with prejudice, without costs to any party, except as awarded above.

16.     **Payment of Claims and Implementation of Settlement.**  The Parties and their counsel are hereby directed to implement the Amended Settlement Agreement according to its terms and provisions.  The Court hereby directs the Claims Administrator to deliver class benefits to all members who have submitted timely and proper claims, as determined by the Claims Administrator pursuant to the Amended Settlement Agreement. Those benefits shall be delivered as soon as practicable following the claims deadline, but not later than January 31, 2017.

17.     **Miscellaneous.**  The Amended Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this Order and the final judgment, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by any Class Representative, Settlement Class Member, Defendant, or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Amended Settlement Agreement, this Order and the final judgment.

The parties are directed to implement the Settlement and the Court reserves exclusive and continuing jurisdiction over the implementation of the Settlement, including enforcement and administration of the Amended Settlement Agreement.

There is no just reason for delay in the entry of this final Order and separately entered Judgment and immediate entry by the Clerk of Court is expressly directed.

By attaching the Amended Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

The Court will separately enter a final judgment in accordance with Federal Rule of Civil Procedure 58.

DONE and ORDERED this 8th day of November, 2016.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

## AMENDED
## SETTLEMENT AGREEMENT AND RELEASE

This Amended Settlement Agreement and Release ("Amended Settlement Agreement"),

is made and entered into pursuant to Federal Rule of Procedure Rule 23 and other applicable law

and contains the terms of full and final settlement of all claims by and among:

> Jason Bennett ("Plaintiff"), individually and on behalf of the Settlement
> Class (as defined herein), appearing herein through counsel of record
> Earl P. Underwood, Jr., Ken Riemer, and John Cox;
>
> and
>
> Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa ("Boyd Biloxi") ( as
> defined herein) appearing herein through counsel of record, Matthew C.
> McDonald and Laura Ashley.

The Parties, by and through their counsel, enter into the following Amended Settlement

Agreement, intending to fully, finally and forever resolve, discharge and settle all individual and

class claims pursuant to the terms and conditions set forth below.  It is a condition to the

Settlement, as defined herein, that it be approved by a final order and judgment from the U.S.

District Court for the Southern District of Alabama, materially in the same form as attached

hereto as **Exhibit A**.

## I.  RECITALS

**1.01.**   Plaintiff filed on July 16, 2014 a putative class action entitled *Jason Bennett, on*

*behalf of himself and all other similarly situated v. Boyd Biloxi, LLC d/b/a IP Casino Resort Spa*

("Action") against Boyd Biloxi alleging violations of the Telephone Consumer Protection Act,

47 U.S.C. § 227 et seq. ("TCPA").

**1.02**   Plaintiff asserted that Boyd Biloxi violated the TCPA by placing prerecorded calls

constituting advertising or telemarketing under the TCPA to Plaintiff and the Settlement Class

utilizing an "automatic telephone dialing system" ("ATDS") without obtaining prior express written consent as defined by 47 C.F.R. § 64.1200(a)(2).

    **1.03**    Boyd Biloxi denies the material allegations of the complaint, including that the calls constituted telemarketing or advertising under the TCPA, or that the requisite consent required by the TCPA was not obtained from Plaintiff and the Settlement Class.

    **1.04**    The Parties to this Amended Settlement Agreement conducted a thorough examination and investigation of the facts and law relating to the matters set forth in the Action, have litigated the matter for more than one (1) year, and have argued and briefed motions before the Court and conducted discovery.

    **1.05**    Ultimately, the Parties initiated formal settlement discussions and attempted to resolve their dispute amicably.  The negotiations occurred over a lengthy period of time and included numerous, informal discussions as well as an in-person mediation at JAMS in Santa Monica, California before Bruce Friedman.

    **1.06**    Boyd Biloxi denies any wrongdoing whatsoever, and this Amended Settlement Agreement shall in no event be construed or deemed to be evidence of an admission or concession on the part of Boyd Biloxi with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Boyd Biloxi has asserted or would assert.

    **1.07**    The Parties to this Amended Settlement Agreement recognize that the Action has been filed by Plaintiff, for himself and on behalf of the Settlement Class, and defended by Boyd Biloxi in good faith, that the Action is being voluntarily settled upon advice of counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

{MB230492.1}

2

**1.08**     Plaintiff and his counsel have concluded that the terms and conditions of this Amended Settlement Agreement are fair, reasonable, and adequate to Plaintiff and the Settlement Class, and are in their best interests, and Plaintiff has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Amended Settlement Agreement after considering (a) the substantial benefits that the members of the Class will receive from settlement of the Action, (b) the uncertain outcome and attendant risks and costs of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the Settlement of this litigation to be consummated as provided by the terms of this Amended Settlement Agreement.

**1.09**     Boyd Biloxi maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action, including certification of the Class.  Nonetheless, Boyd Biloxi has agreed to enter into this Amended Settlement Agreement to avoid the further expense, inconvenience, and distraction of burdensome litigation, and has determined that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Settlement.

## II. <u>DEFINITION</u>

As used in this Amended Settlement Agreement, the following terms shall have the defined meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

**2.01**     "Action" means the above-captioned lawsuit entitled *Jason Bennett, on behalf of himself and all other similarly situated v. Boyd Biloxi, LLC d/b/a IP Casino Resort and Spa*, Case No. 14-00330-WS-M, United States District Court, Southern District of Alabama.

**2.02** "Administrative Expenses" means the expenses incurred in the administration of this Settlement, including all expenses or costs associated with providing notice to the Class, determining the eligibility of any person to be a Class Member, reviewing the validity of claim forms submitted, obtaining any needed information regarding a Class Member, and administering and distributing the settlement awards as provided herein.

**2.03** "Agreement" or "Amended Settlement Agreement" means this Amended Settlement Agreement between Plaintiff, the Settlement Class and Boyd Biloxi, and each and every exhibit attached hereto.

**2.04** "Approved Claim" means a Claim Form, submitted by a Class Member that (a) is timely and responsive to the directions on the Claim Form and the provisions of this Agreement; (b) is fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Class Member; (c) is signed by the Class Member subject to the penalties of perjury; and (d) is verified by the Claims Administrator pursuant to Section 7.01.  Only one Approved Claim may be submitted for each unique phone number appearing in the Class List. Only one Approved Claim will be paid per Class Member.

**2.05** "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees and certain litigation expenses as set forth herein.

**2.06** Class Action Fairness Act Notice "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.07** "Claim Form" means the document substantially in the form attached as **Exhibit B**, as approved by the Court.  The Claim Form will require each Class Member to include (1) name; (2) current mailing address; (3) residential or cellular telephone number(s) called; (4)

affirmation under penalty of perjury that claimant was called by Boyd Biloxi using a pre-recorded message on the identified residential or cellular telephone number(s) without prior express written consent; (5) contact telephone number, and (6) email contact.  The Claim Form will allow a Class Member to claim a Class Award.

     **2.08**   "Claims Administrator" means the qualified third party selected by the Parties and approved by the Court in the Preliminary Approval Order to administer the Settlement, including implementing the Notice. The Parties expect to recommend that the Court appoint American Legal Claim Services, LLC as Claims Administrator.

     **2.09**   "Claims Deadline"  means 45 days from the Settlement Notice Date.

     **2.10**   "Claims Period" means the 45-day period that begins on the Settlement Notice Date.

     **2.11**   "Class Award" means a gift card with a $150 value to be distributed to members of the Settlement Class who have submitted Approved Claims, as determined by the Claims Administrator.  The Class Award will be redeemable for up to one year, unless prohibited by law, from date of issuance at Boyd Biloxi, or other wholly-owned Boyd Gaming properties (excluding "Borgata Hotel Casino and Spa" or any lease outlets or other franchises), for food, beverages, concert tickets, hotel rooms or gift shop items.  The Class Award will be fully transferrable by the holder.

     **2.12**   "Class Counsel" and/or "Counsel for Plaintiff" means Earl P. Underwood, Jr., Ken Riemer and John Cox.

     **2.13**   "Class Notice" means the notice of this proposed Amended Settlement Agreement and Final Approval Hearing, which is to be sent to the Class and includes the terms of the Parties' settlement substantially in the manner set forth in this Amended Settlement Agreement,

is consistent with the requirements of due process, Rule 23, and is substantially in the form of **Exhibits C** hereto.

    **2.14**    "Class Period" means October 16, 2013 through May 11, 2016.

    **2.15**    "Court" means the U.S. District Court for the Southern District of Alabama.

    **2.16**    "Defense Counsel" means Matthew C. McDonald and Laura F. Ashley of the law firm of Jones Walker LLP.

    **2.17**    "Effective Date" means the date described in section 11 of this agreement.

    **2.18**    "Exclusions from the Class"  means those individuals identified below who are excluded as part of the Settlement Class Members and will not receive Class Notice:

        (a)    Fifty two (52) of the putative Settlement Class Members who are now on state exclusion lists maintained by the gaming regulatory boards in one or more states in which Boyd Biloxi or its affiliates operate and contact with them is prohibited;

        (b)    Twenty Five (25) putative Settlement Class members who have been notified, since the placement of the calls in question that they are no longer permitted at Boyd Biloxi, or other Boyd properties, due to a history relating to previous conduct while at Boyd Biloxi that is considered a disturbance, danger or threat to other patrons, personnel or the business operation.

    **2.19**    "Final Approval Hearing" means the final hearing held by the Court, after proper Notice, to determine whether to finally approve the Settlement set forth in this Amended Settlement Agreement as fair, reasonable, and adequate.

    **2.20**    "Final Judgment" means the judgment approving this Settlement that is materially the same as the document attached as **Exhibit A**, which is incorporated herein by reference.

    **2.21**    "Boyd Biloxi" refers to, individually and collectively, Boyd Biloxi, LLC, and any

or all subsidiaries or affiliated entities, predecessors or successors in interest, and all of their past,

present or future employees, officers, shareholders, directors, members, partners, attorney,

agents, or assigns and any other person, firm, partner, joint venturer corporation, limited liability

company or entity not heretofore named as a defendant who could have been made a party to the

Action or could have been liable relating to the Released Claims.

      **2.22**    "Notice Database" means the database containing Settlement Class

Members' contact information which Boyd Biloxi will provide pursuant to Section 7.02.

      **2.23**    "Objection Deadline" means 45 days from the Settlement Notice Date.

      **2.24**    "Opt-Out Deadline" means 45 days from the Settlement Notice Date.

      **2.25**    "Parties" means Plaintiff and Boyd Biloxi.

      **2.26**    "Plaintiff" means Jason Bennett.

      **2.27**    "Preliminary Approval Order" means the order of the Court granting preliminary

approval of this Amended Settlement Agreement authorizing the Class Notice and setting a date

for the Final Approval Hearing that is materially the same as the document attached as **Exhibit**

**D**, which is incorporated by reference.

      **2.28**    "Released Claims" means any and all actual, potential, filed, known or unknown,

fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands,

liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages,

punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations

(including "Unknown Claims" as defined below), whether in law or in equity, accrued or

unaccrued, direct, individual or representative, of every nature and description whatsoever,

whether based on the TCPA or other federal, state, local, statutory or common law or any other

law, rule or regulation, including the law of any jurisdiction outside the United States, against the

Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged placing of calls to residential or cellular telephone numbers using a prerecorded message or automatic telephone dialing system, including all claims that were brought or could have been brought in the Action relating to such calls, belonging to any and all Class Members and their heirs successors and assigns.

     **2.29**   "Released Parties" means Boyd Biloxi, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

     **2.30**   "Settlement" means the settlement of the Action contemplated by this Amended Settlement Agreement.

     **2.31**   "Settlement Class" means, for the purposes of this Settlement only, all persons who, since October 16, 2013 through May 11, 2016 received a telephone call to a residential or cellular telephone number initiated by, on behalf of or at the direction of Boyd Biloxi which used an artificial and/or pre-recorded voice message or was placed by an automatic telephone dialing system.  The Settlement Class, however, will not include those who are considered Exclusions from Class.

     **2.32**   "Settlement Class Members"  means all persons who are members of the Class except those persons who timely and validly request exclusion from this Settlement after

receiving Notice as defined below.

**2.33**  "Settlement Notice Date" means the date on which Class Notice is to be sent which is within 30 days after the Preliminary Approval Order is entered by the Court.

**2.34**  "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

### III. <u>REQUIRED EVENTS</u>

**3.01**  Class Counsel and Defendants shall notify the Court that an Amended Settlement Agreement has been executed.

**3.02**  Class Counsel and Defendants shall take all necessary steps to obtain approval of the Amended Settlement Agreement and having done so, shall take all necessary steps consistent with this Amended Settlement Agreement to obtain judicial approval of the Settlement and the dismissal with prejudice of the Action.

**3.03**  Class Counsel shall submit the Amended Settlement Agreement to the Court for preliminary approval and shall move the Court to:

1.  Preliminarily approve the terms of this Amended Settlement Agreement as sufficiently fair and reasonable to warrant sending the Class Notice to the Settlement Class preliminarily certified for settlement purposes;

2.  Approve the Class Notice to be given to Class Members advising them of the Settlement and of the Final Approval Hearing and finding that the Class Notice constitutes due, adequate and sufficient notice to all persons entitled to receive notice and meets the requirements of due process;

3.  Rule that any Class Member who did not submit a timely, written request for exclusion in accordance with the Notice will be bound by all proceedings, orders, and

judgments in the Action;

   4. Require that each Class Member who has objections to the proposed settlement file an objection with the Court  no more than forty-five (45) days from the Settlement Notice Date;

   5. Approve the Claims Administrator;

   6. Schedule a Final Approval Hearing to review objections to this Settlement and to consider the fairness, reasonableness, and adequacy of this Settlement and the application for an award of attorneys' fees and reimbursement of expenses, and to consider whether the Court should issue a Final Judgment approving this Amended Settlement Agreement.

  **3.04** Class Counsel and defense counsel will cooperate to undertake all reasonable actions in order to accomplish the above.  In the event that the Court fails to grant Preliminary Approval or fails to issue a Final Judgment, Class Counsel and Defendants agree to use all reasonable efforts, consistent with this Amended Settlement Agreement, to cure any defect identified by the Court.

## IV. SETTLEMENT TERMS

  **4.01** In consideration and cause for the complete and final Settlement and Class Release provided herein, Boyd Biloxi shall implement policies for its marketing activities using prerecorded messages or an automatic telephone dialing system to comply with the TCPA.

  **4.02** Boyd Biloxi shall also provide a Class Award to each Settlement Class Member with an Approved Claim, as determined by the Claims Administrator, on a claims-made basis. Each Settlement Class Member shall be entitled to make one claim only for a Class Award regardless of the number of phone calls received by the Settlement Class Member from Boyd

Biloxi during the Class Period.

**4.03**   Released Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Member relating to the Class Award distributed to any Settlement Class Member pursuant to this Amended Settlement Agreement.

**4.04**   Each Settlement Class Member shall be solely responsible for the federal, state, and local tax due, if any, resulting from receipt of the Class Award.  No Released Party shall have any liability to any Settlement Class Member or other person if a taxing authority determines that taxes are owed on the Class Award.

## V.   ATTORNEYS' FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVE

**5.01**   <u>Attorneys' Fees and Costs</u>.  Boyd Biloxi agrees it will not interpose objection to any fee request submitted by Class Counsel to the Court in an amount up to a maximum of $2,000,000, plus costs up to a maximum of $7,500.  Boyd Biloxi will pay any amount awarded by the Court for Class Counsel's fees and costs (up to $2,007,500.00) within 30 days after the Effective Date, provided it has received W-9 forms for each firm comprising Class Counsel and reasonable payment instructions by the Effective Date.

**5.02**   <u>Payment to Class Representatives</u>.   Boyd Biloxi agrees it will not interpose objection to any request to the Court to award the Class Representative a service award, in an amount up to $3,500.  Boyd Biloxi will pay any service award approved by the Court within 30 days after the Effective Date, provided it has received a current W-9 form for the Class Representative and reasonable payment instructions from Class Counsel by the Effective Date.

**5.03**   <u>Settlement Independent of Award of Fees, Costs, and Service Awards</u>.  The payments of service awards and attorneys' fees and costs set forth in Sections 5.01 and 5.02 are

{MB230492.1}

11

subject to and dependent upon the Court's final approval of the Settlement as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, the Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' and Class Counsel's requests for such payments or awarding the particular amounts they seek. In the event the Court declines the requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the Parties.

## VI. <u>PRELIMINARY APPROVAL ORDER AND FINAL JUDGMENT</u>

**6.01** Promptly after the execution of this Amended Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement and for entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice substantially in the form attached hereto as **<u>Exhibit B</u>** and **<u>C</u>** hereto.  Other than non-substantive changes such as formatting, font and typographical errors, the parties will not amend, modify or alter the Amended Settlement Agreement or the implementing documents without prior approval of the Court.

**6.02** At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing, to be held on or after 28 days of the Objection Deadline or such other time as the Court shall set and approve the settlement of the Action as set forth herein.

**6.03** After Notice is given, the Parties shall request and obtain from the Court a Final Judgment.  The Final Judgment will, among other things:

(a) find that the Court has personal jurisdiction over all Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits

{MB230492.1}

thereto;

(b)      approve the  Amended Settlement Agreement as fair, reasonable, and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)      find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)      find that the Class Representative and Class Counsel adequately represented the Class for purposes of entering into and implementing the Agreement;

(e)      dismiss the Action on the merits and with prejudice as to the Released Parties, without fees or costs to any Party except as provided in the Amended Settlement Agreement and determined by the Court;

(f)      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)      permanently bar and enjoin all Class Members who have not been

properly excluded from the Class from filing, commencing, prosecuting, intervening in, or

participating, as class members or otherwise, in any lawsuit or other action in any jurisdiction

based on the Released Claims;

(h)     without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement, and

interpretation of the Amended Settlement Agreement and the Final Judgment, and for any other

necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just.

## VII.  ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**   Third-Party Claims Administrator. The Claims Administrator will be responsible

for all matters relating to the administration of this Settlement, as set forth herein. Those

responsibilities include, but are not limited to, giving notice, undertaking prompt and reasonable

efforts to obtain correct addresses for returned Notices and resending the same, establishing and

maintaining a toll-free number that Class Members may call with inquiries about the Settlement,

setting up and maintaining the Settlement Website, fielding inquiries about the Settlement,

processing claims, acting as a liaison between Settlement Class Members and the Parties

regarding claims information, approving claims, rejecting any Claim Form where there is

evidence of fraud (as determined by the Claims Administrator under policies and procedures

developed by the Claims Administrator), directing the distribution of Class Awards to Settlement

Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims

Administrator will provide periodic updates on the claims status to counsel for all Parties.

**7.02**   Notice Databases. To facilitate the notice and claims administration process, Boyd

Biloxi will provide to the Claims Administrator in an electronically searchable and readable

format, data that includes the names, last known mailing addresses and telephone numbers for Settlement Class, Members currently estimated to be 68,377, as such information is contained in the reasonably available computerized records of Boyd Biloxi.  Any personal information relating to the Settlement Class Members provided to the Claims Administrator pursuant to this Amended Settlement Agreement will be provided solely for the purpose of providing notice to the Settlement Class Members and allowing them to recover under this Settlement.  All personal information will be kept in strict confidence, will not be disclosed to any third party and will not be used for any other purpose.

       **7.03**    Boyd Biloxi will pay the reasonable costs of notice and settlement administration upon invoices by the Claims Administrator, on a schedule to be agreed upon by the Claims Administrator and Boyd Biloxi. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide that information to Boyd Biloxi monthly.

       **7.04**    The Claims Administrator shall employ reasonable procedures to screen claims for abuse or fraud,.  The Claims Administrator shall also reject a Claim Form that is not timely filed or does not contain all requested information necessary to screen the claim for fraud or abuse.

## VIII.  <u>NOTICES</u>

       **8.01**    <u>Timing of Class Notice</u>.  Class Notice using the forms attached as **<u>Exhibit B</u>** and **<u>C</u>** will be provided to all persons in the Settlement Class within 30 days following entry of the Preliminary Approval Order as described herein.

       **8.02**    <u>Mailing of Class Notice</u>. The Claims Administrator will send the Class Notice via first class U.S. mail to all Settlement Class Members to the mailing address reasonably available

in Boyd Biloxi's electronic records. All addresses of Settlement Class Members will be verified and updated through the U.S. Postal Service National Change of Address database prior to the initial mailing. The Claims Administrator will promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address. Returned mail with no forwarding address will be sent by the Claims Administrator to a nationally recognized location service to obtain a new address for such Settlement Class Member, if possible. All costs of notice, including confirmation, data searches, and re-mailing of undelivered Class Notices will be considered Administrative Expenses.

**8.03**   Website Notice. By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated settlement website containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form that Settlement Class Members may download and complete. At a minimum, such documents will include the Amended Settlement Agreement and attached exhibits, Class Notice, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, briefing on Class Counsel's motion for attorneys' fees and costs, briefing on Plaintiffs' motion for service awards, the Preliminary Approval Order, and the Final Approval Order. The Settlement website will be taken down and rendered inaccessible 90 days after the Effective Date.

**8.04**   CAFA Notice. Boyd Biloxi, through the Claims Administrator, will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten days of the filing of the Preliminary Approval Motion.

### IX.  CLAIMS PROCESS

**9.01**   Claimants. Each Settlement Class member who does not timely submit a valid

Request for Exclusion from the Settlement as required in this Agreement will be entitled to make a claim. Each Settlement Class Member will be entitled to make only one claim regardless of the number of phone calls received from Boyd Biloxi by that Settlement Class Member during the Class Period.

**9.02**   Conditions for Claiming Class Award. To make an Approved Claim, Settlement Class Members must submit by the Claims Deadline a Claim Form containing the information set forth in **Exhibit B** attached hereto, including the Settlement Class Member's (1) name; (2) current mailing address; (3) residential or cellular telephone number(s) called; (4) affirmation under penalty of perjury that claimant was called by Boyd Biloxi using a pre-recorded message on the identified residential or cellular telephone number(s) without prior express written consent; (5) contact telephone number; and (6) contact email address. If a Settlement Class Member fails to fully and timely complete a Claim Form or completes a Claim form incorrectly, the Claim Form will not be approved.

**9.03**   Mailing of Class Awards. Class Awards will be sent to Class Members, who submitted and Approved Claim, by the Claims Administrator via U.S. mail no later than 5 days after the Effective Date to a Class Member. If any Class Awards are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member. If, after a second mailing, the Class Award is again returned, or if no forwarding address information is identified after the first mailing, no further efforts need be taken by the Claims Administrator to resend the Class Awards.

## X. **OPT-OUTS AND OBJECTIONS**

**10.01**   Opting Out of the Settlement. Any Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written Request for

{MB230492.1}

17

Exclusion to the Claims Administrator, postmarked no later than the Opt-Out Deadline. To be valid, a Request for Exclusion must state the Settlement Class Member's full name, address, residential or cellular telephone number(s) on which he or she received a call with a prerecorded message from Boyd Biloxi during the Class Period, and a telephone number at which he or she currently can be reached. Further, the Request for Exclusion must clearly state that the Settlement Class Member wishes to be excluded from the Settlement. Any Settlement Class Member who timely submits a valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Agreement. Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by this Agreement and the judgment, including the releases and covenant not to sue in Section 12.03 below.

   **10.02**   <u>Reporting of Opt-Outs</u>.   The Claims Administrator will provide the Parties with copies of all Requests for Exclusion it receives, and will provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 10.01.

   **10.03**   <u>Objections</u>.   Any Settlement Class Member who wishes to object to the Settlement must file a written Objection with the Court no later than the Objection Deadline.  The Objection must include:

        a.    the name, address, home and cellular telephone number, and email address of the Settlement Class Member who is objecting and, of his/her counsel if represented by counsel;

        b.    the reasons for his or her Objection; and

        c.    a statement whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

{MB230492.1}

18

The Parties will request the Court to schedule and allow them the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis and, subject to an objector's right to seek protection pursuant to Rule 37, Fed.R.Civ.P., the objecting Settlement Class Member is required to respond and must appear for deposition within 14 days, if a deposition is noticed.

## XI. <u>EFFECTIVE DATE</u>

**11.01**   The Effective Date will occur:

a.   Thirty days after entry of the final judgment approving the Settlement if no document is filed within that time seeking appeal, review, or any relief that would result in extending the time to seek appeal or review; or

b.   If any such document is filed, then five days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect without any material difference from the contents described in Section 6.03.

## XII. <u>RELEASE OF CLAIMS</u>

**12.01**   <u>Released Claims</u>.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined in Section 2.27). Plaintiffs and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which

{MB230492.1}

they may have or claim to have, in state or federal court, in arbitration, or with any state, federal

or local government agency or with any administrative or advisory body, arising from or

reasonably related to the Released Claims.

**12.02**   Waiver of Unknown Claims. Without limiting the foregoing, the Released Claims

specifically extend to claims that Plaintiffs and Settlement Class Members do not know or

suspect to exist in their favor at the time that the Settlement and the releases contained therein

become effective. This Section constitutes a waiver, without limitation as to any other

applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these

waivers of California Civil Code Section 1542 and similar federal and state statutes, case law,

rules, or regulations relating to limitations on releases. In connection with such waivers and

relinquishment, Plaintiff and Settlement Class Members acknowledge that they are aware that

they may hereafter discover facts in addition to, or different from, those facts that they now

know or believe to be true with respect to the subject matter of the Settlement, but that it is

their intention to release fully, finally, and forever all Released Claims with respect to the

Released Parties, and in furtherance of such intention, the releases of the Released

Claims will be and remain in effect notwithstanding the discovery or existence of any

such additional or different facts.

**12.03**   Covenant Not To Sue.  Plaintiff agrees and covenants, and each Settlement Class

Member will be deemed to have agreed and covenanted, not to sue any Released Party with

respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum. Provided, however, nothing in this paragraph shall be construed to prohibit Class Members from assisting or participating in any government or regulatory enforcement action so long as the Class Members do not financially benefit from such government or regulatory action.

## XIII.  TERMINATION OF AGREEMENT

**13.01**  <u>Either Side May Terminate the Agreement</u>.   Plaintiff and Boyd Biloxi will each have the right to unilaterally terminate this Agreement upon any of the following occurrences:

    a.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Amended Settlement Agreement (except as noted in Section 5.03);

    b.    an appellate court reverses the Final Approval Order, and the Amended Settlement Agreement is not reinstated without material change by the Court on remand; or

    c.    any court incorporates terms into, or deletes or strikes from, or modifies, amends, or changes the Preliminary Approval Order, Final Approval Order, or the Amended Settlement Agreement in any way that is material; or

    d.    the Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless material changes are made.

**13.02**  <u>Boyd Biloxi May Terminate the Agreement</u>.  Boyd Biloxi has the right in its sole discretion, but not the obligation, to terminate the Amended Settlement Agreement if the number of persons seeking exclusion exceeds 150.  Boyd Biloxi may terminate by serving

{MB230492.1}

21

written notice of termination on the Court and Class Counsel by hand delivery or electronic mail within ten (10) business days after being informed in writing by the Claims Administrator that there are 150 or more of such valid requests for exclusion.

**13.03**   Exercising the Right to Terminate.   The right to terminate expires if it is not exercised within ten days of the triggering occurrence. To exercise the right, a Party must provide written notice of their or its election to do so ("Termination Notice") to the other Party. If the triggering occurrence is a court making or proposing a material change to the Amended Settlement Agreement, Preliminary Approval Order, or Final Approval Order, a Party desiring to terminate must meet and confer with the other Parties to discuss in good faith whether they can reach agreement to the change(s) before the Party may exercise the right to terminate.

**13.04**   Revert to Status Quo. If either Plaintiffs or Boyd Biloxi terminate(s) this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.

## XIV.  NO ADMISSION OF LIABILITY

**14.01**   Boyd Biloxi denies any liability or wrongdoing of any kind associated with the alleged claims in the consolidated amended complaint, whether related to its conduct or the conduct of third parties on its behalf.  Boyd Biloxi has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein will constitute an admission by Boyd Biloxi that the Action is properly brought on a class or representative basis, or that classes may be certified in that

{MB230492.1}

22

Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Boyd Biloxi or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Boyd Biloxi in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

14.02   Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

## XV. <u>MISCELLANEOUS</u>

15.01  <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

15.02   <u>Governing Law</u>. This Agreement will be governed by the laws of the State of Alabama.

15.03   <u>Jurisdiction</u>. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members,

{MB230492.1}

23

for purposes of the administration and enforcement of this Agreement.

**15.04**   No Publicity. The Parties, Class Counsel, and Boyd Biloxi's Counsel shall decline to respond to media inquiries about this case and shall not make any postings online about this case.  Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 8 above.

**15.05**   No Construction Against Drafter.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**15.06**   Resolution of Disputes. The Parties will cooperate in good faith in the administration of this Settlement, and Plaintiffs will file a motion for preliminary approval no later than October 22, 2015, as ordered by the Court. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**15.07**   Counterparts. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**15.08**   Time Periods.  The time periods and dates described herein are subject to the provisions of Section 6.01, Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**15.09**   Authority. Each person executing this Amended Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this

Agreement.

**15.10**   Modification. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Boyd Biloxi and Plaintiff, and approved by the Court.

**15.11**   Confidentiality. The Parties agree to keep the settlement terms confidential until the filing of a motion to preliminarily approve the Settlement.

**15.12**   Binding on Assigns. This Amended Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**15.13**   Conflicts. In the event of conflict between this Amended Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Amended Settlement Agreement supersede and control.

**15.14**   Notices. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| **If to Class Counsel:** | **If to Boyd Biloxi Counsel:** |
|---|---|
| Earl P. Underwood, Jr. | Matthew C. McDonald |
| Kenneth J. Riemer | Jones Walker LLP |
| Underwood & Riemer, PC | 11 North Water Street, Ste. 1200 |
| 21 South Section St. | Mobile, Alabama  36602 |
| Fairhope, Alabama  36532 | Telephone:  251-439-7576 |
| epunderwood@alalaw.com | Facsimile:  251-439-7385 |
| kjr@alaconsumerlaw.com | mmcdonald@joneswalker.com |

{MB230492.1}

25

John R. Cox, Esq.
9786-A Timber Circle
Spanish Fort, Alabama  36527
jrc@jrcoxlaw.com

Laura F. Ashley
Jones Walker LLP
201 St. Charles Ave., 49th Floor
New Orleans, Louisiana 70170
Telephone:     504-582-8118
Facsimile:     504-589-8118
lashley@joneswalker.com

IN WITNESS WHEREOF, the Parties hereto have caused this Amended Settlement

Agreement to be executed.

Earl P. Underwood, Jr. on behalf of Jason
Bennett and the Class Members:

Dated: _June 15, 2016_

Matthew C. McDonald on behalf of Boyd
Biloxi, LLC d/b/a
IP Casino Resort and Spa:

Date: _June 15, 2016_